PATRICK CORNELIA, appellant, *vs.* MYRON ELLIS, appellee.

*Appeal from Kane.*

The defendant in execution may proceed against the officer who seizes upon his property exempted by the statute, either for treble the value or the single value of the property seized.

A horse worth forty-five dollars, may be considered suitable to the condition in life of a miller, receiving thirty dollars per month as wages, who has an invalid family, requiring exercise in the open air. The suitableness of the property to the condition in life of the claimant, is a question of fact for the jury.

Ellis brought an action before a justice of the peace against Cornelia, for $41 66, in trespass, for taking a horse and harness. Cornelia admitted the taking, and justified under an exetion in favor of Condey against Ellis. Ellis claimed the property to be exempt from seizure. The justice gave judgment in favor of Ellis for the whole amount claimed—$41 66. Cornelia appealed to the Circuit Court of Kane county. A trial was had in the Circuit Court; the cause having been submitted to the Court, T. L. Dickey, Judge, presiding, without the intervention of a jury. The Court found the damages at forty dollars, and entered a judgment accordingly. Cornelia appealed from the Circuit Court to this Court. The facts elicited in proof, on the trial of the Circuit Court, are sufficiently stated in the opinion. The plaintiff did not claim treble the value of the goods seized, but only the single value of the articles.

GLOVER & COOK, for appellant.

E. S. LELAND, for appellee.

Cornelia vs. Ellis.

Opinion by Mr. Justice CATON:

The first objection is, that the plaintiff below contented himself with claiming to recover simply the value of the property taken, instead of going for the penalty of three times its value, as he might have done, under the statute. We do not think the objection founded in reason or in law. It is very unreasonable in the party to complain that he was only made to pay the single value of the property, instead of the treble value; and as to the law of the case, that is settled against him, in Pace *et al.*, *vs.* Vaughn, 1 Gilm., 30, where it was held, that the injured party might waive the penalty, and proceed in an ordinary action of trespass, for single damages. And this would seem to be reasonable. The statute exempts certain property from the operation of an execution; and, consequently, the execution could be no justification to the officer for taking the property thus exempted. If the officer took the property without authority, he was none the less the trespasser than if he were not an officer. We think the evidence warranted the Court in finding that this property was exempt from execution. At the time of the levy, the plaintiff below named over to the officer such property as he claimed to have, with the supposed value of each article, concluding with a watch, and told the constable, if he thought they were worth more than sixty dollars, he might take the watch, which he took out of his pocket. The constable said he did not know that it was worth more than sixty dollars, but he was indemnified, and he was going to take the horse. There was some evidence about a harness, but that was proved to have been applied upon the execution, by the agreement. There was also some evidence that he had, some time before, owned a wagon and some law books, but the evidence does not show that he owned them at the time of the levy. We certainly do not feel warranted in deciding that this finding was erroneous, because it was against the evidence. The statute, after enumerating various species or articles of property, which shall be exempt from execution, proceeds, " and sixty dollars' worth of property, suitable to his or her condition or occupation in life, to be selected by the debtor." And it is objected, that the Court erred in not finding that a horse, worth forty or forty-five dollars, was not suited to the " condition and occupation in life " of a miller, who works out for thirty dollars a month, who has a sick wife, with four children—the attending

74

physician advising that it would be for the invalid's health, to ride out in pleasant weather. We agree with the Circuit Court, that the debtor ought not to be deprived of the benefit of the statute, for the reason assigned, that he had no occasion for the horse which he kept, or, in other words, we do not think it was not suited to his " condition or occupation in life." At any rate, that was a question for the jury, or, as in this case, for the Court, who was, by agreement, sitting in place of a jury, and whose finding is entitled to the same consideration.

We see no error in the record, and the judgment is affirmed, with costs.

*Judgment affirmed.*