# DAVID T. BONNELL

## *v.*

# CHARLES H. BOWMAN.

1. BURDEN OF PROOF—*in suit against an officer for failing to make a levy.* In a suit against a sheriff for a failure to seize and subject to sale under execution personal property shown to have been in possession of the defendant in the execution, it devolves upon the officer to show that such property was exempt from execution, or such facts as justify a failure to make a levy. The *onus probandi* in such case is upon the officer.

2. Where a sheriff was sued for a failure to make the money in satisfaction of an execution received by him, the plaintiff proved the defendant in the execution to have owned and been in possession of a horse, which the deputy sheriff levied upon, but the sheriff afterward returned under a claim that he was exempt from execution : *Held*, the plaintiff having shown the defendant in the execution to have been the owner of and in possession of property sufficient to satisfy the execution, the officer, failing to show that the debtor was the head of a family or the property in any way exempt from levy and sale, was liable.

3. And that an instruction given for the defendant which failed to require the jury to find that the property was exempt from levy and sale on execution, but only required them to find that the horse was worth less than a hundred dollars, and had been returned under a claim that he was exempt, was erroneous.

4. EXEMPTION *from execution—duty of the debtor.* Where the defendant in an execution is in possession of personal property specifically exempt from levy and sale, and the officer levies upon it without his knowledge, before he can afterwards claim such property as exempt he must, if he has it, offer to surrender other property not exempt.

APPEAL from the Circuit Court of Jersey county ; the Hon. CHARLES D. HODGES, Judge, presiding.

The opinion states the case.

Messrs. WOODSON & WITHERS, for the appellant.

Mr. JAMES W. ENGLISH, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action on the case brought by appellant, in the Jersey circuit court, against appellee. The gravamen of the complaint is, that appellee was sheriff of Jersey county, and as such, received an execution in favor of appellant, and against one Barber and others for collection, and which he returned no property found, when it is claimed Barber had sufficient property to satisfy the execution, liable to be seized and sold. On a trial the jury rendered a verdict in favor of defendant, upon which, after overruling a motion for a new trial, the court rendered judgment, from which this appeal is prosecuted.

The evidence establishes the fact, that Barber owned and was in possession of personal property, but it is contended that it was exempt from execution. There was a levy on property by a deputy sheriff, but appellee, as sheriff, and his principal, ordered its release, and the property was restored.

Where a defendant in execution is in possession of personal property, and the sheriff is sued for a failure to seize it under execution and subject it to sale, it devolves upon the officer to show that it was exempt from execution, or such facts as justify a failure to make a levy. *The People* v. *Palmer*, 46 Ill. 398. It is there held that the *onus probandi* in such a case is upon the officer.

After a careful examination of the evidence contained in the bill of exceptions, we fail to find anything from which it appears that Barber was the head of a family, or that any property which he had in his possession was in anywise exempt from execution. The burden of proof was upon appellee to establish that fact, and failing to do so, the verdict is manifestly against the evidence. He had the right to overcome the *prima facie* case made by appellant, who had proved Barber to have been in possession of property, by showing that it was specifically exempt from levy and sale, but failing to do so, he must be held liable.

The court below erred in refusing appellant's second instruction. It announced the rule, that if appellee received the execution and failed to make the money when he could have done

so by levying on property liable to execution, then he would be liable.   We can not perceive the slightest objection to this instruction.   If it fails to announce the law, there can be no case in which a sheriff would be liable to a plaintiff in execution for failing to levy and sell property on execution.

The instruction given for appellee is erroneous, as it wholly fails to require the jury to find that the property was exempt from levy and sale on execution.   It only requires the jury to find that the property was returned to Barber under a claim that it was exempt.   It may have been demanded as exempt, when there was not the slightest foundation for such a demand. The instruction should have required the jury to find that the property was exempt, and required that Barber should have been the head of a family, and the horse worth less than one hundred dollars, before an exemption could be claimed, and the levy having been made, defendant in execution should have offered to turn out other property if he had any liable to execution, before he could claim a return of the horse.   But this instruction places the whole question on the value of the horse. If Barber was not the head of a family he was entitled to no exemption, or even if he was, and the levy was made without his knowledge, and he afterwards claimed the property as exempt, he should, if he had other property not exempt, have offered to surrender it before he could claim the horse as exempt, even if the animal was worth less than one hundred dollars.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*