ANDREW AMEND

*v.*

MARY A. MURPHY.

69　　337
h110a⁵617

1. INSTRUCTION—*must be based on evidence.* An instruction is properly refused when there is no evidence upon which to base it. Thus, in a suit to recover for levying upon and selling property selected by the debtor as exempt, an instruction that if the plaintiff neglected or refused to surrender, or offer to turn out, other property subject to levy and sale, he could not recover, was *held* to have been properly refused, there being no evidence that the plaintiff had any other property subject to levy and sale.

2. EXEMPTION— *when party claiming must turn out other property.* Where an officer having in his hands a distress warrant, before making a levy, is notified by the debtor that he claims the property as exempt, and the property so taken is specifically exempt under the statute, the debtor is not bound to turn out any other property he has, to enable him to maintain an action against the officer.

3. SAME—*election to proceed for actual damages or the penalty.* Where property exempt under the statute has been taken and sold by an officer, the owner has the right to waive the penalty given by the statute, and sue and recover the value of the property; in other words, the owner has the right to elect whether he will sue for the simple value of the property, or for treble its value.

22—69TH ILL.

4. SAME—*election, how made.* Where three counts of the plaintiff's declaration, in a suit against an officer for levying upon and selling property exempt, claims the statutory penalty of treble the value of the property, and the last count claimed the actual value only, the plaintiff may elect, on the trial, whether to proceed for simple damages or the penalty.

5. SAME—*piano of a music teacher.* Where an officer, under a distress warrant for rent due, levied upon and sold a piano which, when taken and sold, was an implement of the debtor in her profession or business as a music teacher, upon which she mainly relied to support an aged mother and her children, and the officer was notified of the claim of exemption when he distrained the same, it was *held*, that a recovery against him of treble its value was proper.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Mr. G. D. A. PARKS, for the appellant.

Messrs. FELLOWS & LEONARD, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of trespass, commenced by Mary A. Murphy, against Andrew Amend, on the 20th day of September, 1871, in the circuit court of Will county.

The declaration contains four counts. The first three are, in substance, alike, averring that plaintiff was by profession a teacher of music; that she had a pianoforte, an implement of her profession, which defendant, as a constable, took and sold by virtue of a distress warrant; that the piano was exempt, and defendant had notice, before levy, that plaintiff claimed it as exempt; that it was of the value of $100, and alleging treble damages under the statute.

The fourth count was an ordinary one, in trespass. Plea of general issue was filed, the cause was tried before a jury, and verdict in favor of plaintiff for $240.

The facts, as disclosed by the record, are these: The plaintiff was a widow, with a family consisting of an aged mother and two children, who were dependent upon her for support; that the business of plaintiff was that of music

teacher, and that she used the piano which was levied upon and sold by defendant as an implement of her business, and at the time of the levy she had a class of ten pupils; that the defendant, as a constable, took the piano upon a distress warrant for rent; before the taking of the property, he was notified that the plaintiff claimed it as exempt, under the statute; that the piano was worth $100.

It is insisted by appellant that the court erred in refusing to give his fourth instruction, which is as follows:

"Although the piano came within the exemption of the statute, in its character as an implement of the plaintiff. used in her profession as a music teacher, yet, if the evidence satisfies the jury that, at the time of the distress or before the sale, she had notice or knew of the levy, and, also, that she had other property subject to distress, which she did not surrender or offer to surrender, then the law is, that she thereby lost her privilege of exemption, and she can not recover in this action."

This instruction was properly refused. There was no evidence before the jury that the plaintiff had other property subject to distress, and hence there was no evidence on which to base the instruction. It is true, evidence was introduced that showed that plaintiff had a gold watch and chain, but, on motion of plaintiff, this testimony was excluded from the jury, and the defendant did not except to the ruling of the court on that question. The instruction was properly refused for another reason: the evidence shows that, before the defendant took the property, he was notified by the plaintiff that she claimed it as exempt. The officer having notice of this fact, and the piano being specifically exempt under the statute, the plaintiff was not bound to turn out other property, if any she had, in order to enable her to recover from the officer. The rule would be different if the defendant had received no notice that the property was claimed as exempt until after he

had taken it on distress warrant. *Bonnell* v. *Bowman,* 53 Ill. 460.

The only other point relied upon by appellant is, the court erred in refusing to give his 6th instruction, which is as follows:

"Although the plaintiff has established a cause of action, the jury, under the pleadings in this case, are at liberty to render a verdict for single damages or the real damages proven."

It has been held by this court that where property, exempt under the statute, has been taken and sold by an officer, the owner has the right to waive the penalty given by statute, and sue for and recover the value of the property. *Pace et al.* v. *Vaughan,* 1 Gilman, 30; *Cornelia* v. *Ellis,* 11 Ill. 584.

In other words, the party injured has the right to elect whether he will sue for the simple value of the property, or for treble its value.

In this case, in plaintiff's declaration, she claims in three counts, under the statute, three times the value of the property taken, in one count only the value of the property. Her declaration is broad enough to recover the penalty given by statute, or it is sufficient to justify a recovery of the value of the property. If, as it is conceded, she had a right, before bringing suit, to elect whether she would sue for single or treble damages, can there be any reason, after she has brought suit, why she can-not then elect to recover single or treble damages? We apprehend there can be no doubt upon this question.

The plaintiff introduced her evidence with a view to recover treble the value of the property taken. Her instructions to the jury were prepared with that view; that was her claim before the jury.

In this view of the case we do not think the court erred in refusing the sixth instruction. If the instruction had been

given, it would have virtually deprived the plaintiff of the right the statute has given her.

The court had the right to treat the issue on the fourth count as an immaterial one, or as abandoned by the plaintiff.

So far as the record shows, the questions involved in this case seem to have been fairly submitted to the jury; the evidence shows an undoubted right of recovery. The piano taken and sold was an implement of the plaintiff in her profession or business as music teacher, upon which she mainly relied to support an aged mother and her children. The legislature has seen proper to exempt this property from levy and sale, and the defendant having been notified that it was claimed as exempt when he took and sold the property, he acted at his peril, and we see no reason why he should not now abide by the verdict of the jury.

The majority of the court are of opinion the judgment should be affirmed.

*Judgment affirmed.*