## Ezra D. McMasters

### v.

## Thomas Alsop.

85  157
26a 341
85  157
28a 127
85  157
41a 551
85    157
110a ²616

1. EXEMPTION—*burden of proof is on claimant.* Where a party claims property as exempt from levy and sale, which is not made specifically exempt, the burden of proof rests upon him to show that it is exempted. The law does not presume that a person does not have the property exempted by the statute, nor does the mere claim that property is not enumerated prove that it is exempt.

2. SAME — *of property not specifically exempt.* Where property of a debtor, not specifically exempt, is levied upon, if the debtor has other property liable to levy and sale, he must offer to turn it out before he can claim the property levied on as suitable to his condition.

3. SAME—*when party must show he is the head of a family.* If a debtor claims property levied on as exempt, which is not made so specifically, he must show that he is the head of a family and residing with the same, by clear and satisfactory proof.

WRIT OF ERROR to the Circuit Court of Logan county; the Hon. LYMAN LACEY, Judge, presiding.

Messrs. BEASON & BLINN, for the plaintiff in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that, at the January term, 1875, Wm. B. Broadwell recovered a judgment against the firm of Thomas Alsop & Son, for $555.97 and costs of suit. An execution was issued thereon on the 11th day of March, 1875, and came to the hands of the sheriff on the 13th of that month. The execution was levied on sixty-seven sacks of flour belonging to the firm, and, on the 15th day of May following, a suit in replevin was brought by them, before a justice of the peace, against the sheriff, to recover the same. A trial was had before the justice of the peace, resulting in a judgment in favor of the plaintiff. The defendant thereupon appealed to the circuit court of Logan county.

At the September term, 1875, the cause was tried by the

court, by consent, without a jury, and a like judgment was rendered, and defendant brings the record to this court on error, and asks a reversal.

Defendant in error testified that the flour in controversy belonged, jointly, to himself and son, and that he did not have the property exempt by law, and claimed his undivided half of this property, under the statute, as exempt from levy and sale on execution; and he further states that his son authorized him to claim the other half as exempt from levy and sale under execution, but the son did not join in the replevin bond, and removed to Chicago soon after the levy was made, where he still resides.

Even if Henry Alsop could authorize his father to claim his half of the property as exempt from levy and sale to pay his debts, without written authority constituting him an agent, still there is nothing in the evidence from which it can be inferred that Henry has the slightest pretense for claiming this property as exempt. The evidence only shows that he authorized his father to claim the property as exempt; that he resides in Chicago, and has a family and is living with them. There is no evidence whatever in the record as to what property he had. For aught that appears, he may have had all the property the law exempts, and much more. The law does not presume that a person does not have the property exempted by the statute, nor does the mere claim that property is not enumerated, as this is not, prove that it is exempt. The fact must be satisfactorily proved by evidence, as it is not a matter of legal presumption, one way or the other.

If Henry had other property liable to levy and sale on execution, according to previous decisions of this court he was bound to offer to turn it out before he could claim this property as being suitable to his condition. The evidence wholly fails to disclose the grounds upon which the claim is asserted for Henry, and, all the evidence considered, we fail to find any that can possibly sustain a recovery in his favor, and in this respect the judgment is manifestly erroneous.

As to the claim made by Thomas, it fails to appear that he

then was the head of a family, and hence we can not consider the articles exempt for that reason. It is true, he says it would require a certain amount of flour to supply his family for three months, but that does not prove that he was the head of a family and living with them. Where this privilege is claimed, it must be clearly shown before its benefits can be allowed to the claimant. The court will not act on loose, indefinite and uncertain testimony, but it must be clear and satisfactory, in this class of cases. In fact, the evidence on this point can only be held to prove he has a family, and that it would require a certain amount of flour to keep them for three months, and nothing more.

If, then, Thomas was not the head of a family and living with them,—and we can not presume he was,—he had a considerable amount of property not exempt, and as this flour is not specifically exempt, he should, before he could claim it as such, have turned out the property he held which was not exempt, before he could claim the benefit of the statute. See *Smothers* v. *Holly*, 47 Ill. 331; *Bonnell* v. *Bowman*, 53 ib. 460.

So, the record in this case fails to show that either party is entitled to the benefit of the exemption of the statute, and hence the judgment must be reversed and the cause remanded.

*Judgment reversed.*