TERRELL ET AL. *v.* THE STATE, EX REL. GRUBBS ET AL.

ESTOPPEL — *Withdrawal of Appearance.*—*Default.*—*Pleading.*—*Practice.*— *Supreme Court.*—The facts that a demurrer by the defendant to the complaint is overruled, and that he then withdraws his appearance and makes default, without reserving any exception to the decision upon the demurrer, do not estop him from questioning the sufficiency of the complaint in the Supreme Court, where the case stands as if no demurrer had been filed.

SAME.— *Waiver.*—*Jurisdiction.*—The doctrine of waiver, as applicable to questions ordinarily arising during the progress of a cause, does not apply

to questions of jurisdiction over the subject-matter of the action, nor to the sufficiency of the facts set up in the complaint.

EXECUTION.—*Duty of Officer Holding.*—*All Property of Debtor prima facie Subject to.*—*Exemption.*- Under the statutory provisions bearing upon the seizure and sale of property upon execution, construed together, all the property of execution defendants in this State is, *prima facie*. subject to execution, and it is the duty of an officer holding an execution to proceed until some claim for exemption is lawfully interposed.

SAME.—*Action against Officer for Failing to Levy.*—*Defence.*—In an action against a sheriff for failing to levy upon property, it may be shown in defence that the property was exempt from levy and sale ; but, to avail as a defence, such exemption must be affirmatively shown.

SAME.—*Averment as to Value of Property.*—In such case, an averment in the complaint, that the execution defendant, at the time the execution was in the sheriff's hands, " owned a large amount of both real and personal property,—more than enough to pay and satisfy said execution," is equiv· alent to an averment that such property was of some value, and of greater aggregate value than the amount of the relator's judgment.

SAME.— *What constitutes Service of Execution.*—The service of an execution is the communication of its contents to the execution defendant, accompanied by or followed with a demand for its satisfaction, and in its natural order precedes the levy of the execution.

From the Howard Circuit Court.

*N. R. Linsday*, for appellants.

*M. Bell, C. E. Hendry* and *M. McDowell*, for appellees.

NIBLACK, J.—This was an action by the State, on the relation of John W. Grubbs and Elijah R. Harvey, against John H. Terrell, Richmond Terrell, Hezekiah H. Winslow, John M. Leach, Lee H. Hillis and Addison F. Armstrong, on a sheriff's bond executed by the said John H. Terrell as principal, and the other defendants as his sureties, and against David O. Freeman as the sheriff of Howard county, and as the successor in office of the said John H. Terrell.

The defendants demurred to the complaint, but their demurrer being overruled, they withdrew their appearance and made default, without reserving any exception to the decision of the court upon their demurrer.

The court assessed the plaintiffs' damages at the sum of five hundred and thirty-nine dollars, and rendered judgment for that sum against the defendants.

The only error assigned in this court is upon the alleged insufficiency of facts set up in the complaint to sustain the action.

After alleging the execution, and setting out the substance, of the bond sued upon, the complaint proceeded, in substance as follows :

" The relators further aver, that on the 19th day of June, 1876, they recovered a judgment in the Howard Circuit Court, against William H. Hendrickson and John M. Moulder, principals, and Kinley A. Carr and George I. Gordon, as sureties, for the sum of four hundred and thirty-seven dollars and five cents and costs, which judgment is still wholly unpaid, in full force and unappealed from ; that, on the 27th day of said month, the relators caused execution to duly issue upon said judgment, which on the same day came into the hands of said Terrell as such sheriff, for service, commanding him to levy the same and make said sum of money, principal, interest and costs, of the property of said execution defendants, in said county, subject to execution, and have the money at the clerk's office to satisfy said judgment, interest and costs, within one hundred and eighty days from the date of said execution.

" The relators further aver, that there have been breaches of the conditions of said bond by said Terrell, in this, to wit :

" First.    Said John H. Terrell neglected, and carelessly failed and refused, to serve said execution upon the defendants mentioned therein in said county of Howard, and failed and refused to levy the same upon property, and failed and refused to offer property for sale thereon, within sixty days after such execution came into his hands,

although said execution was wholly unpaid, and said execution defendants, during all said period of sixty days, had and owned a large amount of both real and personal property, more than enough to pay and satisfy said execution, in the said county of Howard, which fact was well known to said Terrell; and although neither of the relators, their agents or attorneys, at any time directed said Terrell to hold said execution, or delay proceedings thereon; nor did said Terrell make any effort to collect said execution during the time he so held the same, up to the 7th day of November, 1876; that, by reason of said neglect and failure of said sheriff to levy and sell said property, the same was disposed of by said execution defendants, and the relators have sustained damages thereby, and by reason thereof, in the sum of six hundred dollars.

" The relators further say that on the 7th day of November, 1876, the defendant David O. Freeman received said execution from said Terrell, whose term of office as such sheriff had expired on said day; that said Freeman, on the 24th day of January, 1877, and long after the lifetime of said execution, returned the same with the following endorsement thereon, to wit: ' January 24th, 1877. I return this writ not satisfied. Hendrickson and Moulder set off; ordered held, as to the others.

                              "' D. O. FREEMAN, Sheriff.'

" The relators further say that said return of the said Freeman is false in this, to wit, that the relators, nor their attorneys, at any time ordered said writ held as to the execution defendant Kinley A. Carr, but repeatedly ordered said sheriff to proceed with the writs in his hands, against said Carr. Wherefore the relators say that they demand judgment against said David O. Freeman for the correction of said return on said execution, according to the facts in the case, and that they have judgment against the defendants for six hundred dollars and proper relief."

It is objected, on behalf of the appellee, that the rule allowing a complaint to be first attacked in this court for an alleged insufficiency of facts to constitute a cause of action applies only to cases in which no demurrer was filed in the court below, and not to cases like this one, where a demurrer was filed to the complaint, and no exception was reserved to the decision of the court overruling the demurrer, and that the appellants, having waived any objection to that decision, are now estopped from again raising the question of the sufficiency of the complaint in this court.

We are of the opinion, however, that this case stands practically as if no demurrer had been filed to the complaint below. The doctrine of waiver thus contended for, and as applicable to questions ordinarily arising during the progress of a cause, does not apply to questions of jurisdiction over the subject-matter of the action, nor to the sufficiency of the facts set up in the complaint. Buskirk Practice, 171; *Davis* v. *Perry*, 41 Ind. 305.

The objections urged by the appellants to the sufficiency of the complaint before us are:

1st. That it was not expressly alleged that the execution defendants had property *subject to execution* while Terrell, as sheriff, had the execution in his hands;

2d. That it was not alleged that the property of the execution defendants, upon which Terrell failed to levy, was of any value.

Section 411, 2 R. S. 1876, p. 198, providing that an execution against the property of a judgment debtor " shall require the sheriff to satisfy the judgment out of the property of the debtor, subject to execution," is quoted to sustain the first objection; and section 481, 2 R. S. 1876, p. 221, which says: " If any sheriff shall neglect or refuse to levy upon or sell any property, justly liable to execution, when the same might have been done, he shall

Terrell *et al. v.* The State, *ex rel.* Grubbs *et al.*

be amerced to the value of such property, not to exceed
the amount necessary to satisfy the execution," is quoted
to sustain the second objection. But we can not regard
either of these objections as well taken.

In this State, the exemption of property from execution
is a mere personal privilege, to which the execution de-
fendant must make some claim before it will be conceded,
and to which only a limited class of judgment debtors,
known as householders, are entitled. Then, again, it is only
upon judgments founded upon contracts, that any execu-
tion defendant is entitled to an exemption. 2 R. S. 1876,
p. 352 ; Freeman Executions, sec. 211.

Construing together all the statutory provisions bearing
upon the seizure and sale of property upon execution, the
inference is obvious, that all the property of execution de-
fendants in this State is considered as *prima facie* subject
to execution, and that it is the duty of the officer holding
an execution to proceed until some claim for exemption is
lawfully interposed. Freeman Executions, *supra ;* Daugh-
erty Sheriffs, 112.

It may be said that, with us, liability to execution is the
rule and exemption the exception, as applicable to the
property of execution defendants. In an action against a
sheriff for failing to levy upon property, it may be shown
in defence, that the property was exempt from levy and
sale ; but, to avail as a defence, such exemption must be
affirmatively shown. Crocker Sheriffs, sec. 853.

The averment in the complaint that the execution de-
fendants, at the time the execution was in Terrell's hands,
"owned a large amount of both real and personal property,
—more than enough to pay and satisfy said execution," was,
we think, equivalent to an averment that such property
was of some value, and of a greater aggregate value than
the amount of the relators' judgment.

The question is made upon the argument, as to what

constitutes service of an execution, as contradistinguished from a levy of such execution upon property. the servie of an execution and the levy of an execution are often referred to as convertible terms ; but, in strictly legal parlance, the service of an execution may be said to be the communication of its contents to the execution defendant, accompanied by, or followed with, a demand for its satisfaction, and in its natural order precedes the levy of the execution. 2 R. S. 1876, p. 205, sec. 433 ; *Godman* v. *Smith*, 17 Ind. 152.

No question seems to have been made below, either as to the joinder of causes of action or of party defendants.

The judgment is affirmed, with costs.