## Scott Johnson v. R. D. Larcade.

1. EXEMPTIONS—*Before Debtor Can Avail Himself of the Statute He Must Comply With All Its Requirements.*—Before a debtor can avail himself of the benefits of his exemptions, under the statute, he must comply with all the requirements it makes of him. One of the requirements is, that after making his selection he shall "deliver the remainder to the officer having the writ."

2. INSTRUCTIONS—*Allowing Greater Damages than Provided for by the Statute Sued Under, Erroneous.*—An instruction to the jury that if they find that the defendant wrongfully took the property, and in doing so, acted in a reckless and wanton manner, then in assessing the damages they were not limited to the penalty provided by the statute under which the action was brought, but might allow additional damages, by way of punishment, is erroneous. Plaintiff, having declared on the statute, is not entitled to recover the penalty it prescribes and an additional penalty as further punishment.

3. SAME—*That it is the Duty of the Officer to Make the Selection for the Debtor, Erroneous.*—An instruction that it is the duty of the officer having the writ to make the debtor's selection of articles as exempt, if the latter fails to do so, is erroneous.

4. SAME—*Recognizing Right of Debtor to Make Two Selections of Property as Exempt, Erroneous.*—An instruction recognizing the right of the debtor to make two selections of property as exempt, is erroneous. He is entitled to select, as exempt, property of the value of $100, and, in addition thereto, $300 worth, if the head of a family residing with the same. The statute only contemplates one selection, and this must embrace all the property he is entitled to as exempt.

5. SAME—*When Not Error to Refuse Instructions Stating Correct Propositions of Law.*—It is not error to refuse instructions stating correct propositions of law when all that is correct is substantially included in others given.

Trespass.—Appeal from the County Court of Livingston County; the Hon. C. F. H. CARRITHERS, Judge presiding. Heard in this court at the April term, 1903. Reversed and remanded. Opinion filed October 8, 1903.

JOSEPH D. MITCHELL, attorney for appellant; C. C. & L. F. STRAWN, of counsel.

Where one seeks to recover a heavy penalty, merely because his choice has not been respected, he must bring himself within the provisions of the statute. He must be the actor and turn out or offer to turn out, all his property

not selected, thus bringing himself within the provisions of the statute. McMaster v. Alsop, 85 Ill. 157; Udell v. Howard, 28 Ill. App. 124; Griffin v. Maxwell, 23 Ill. App. 405; Biggs v. McKenzie, 16 Ill. App. 286; Amend v. Smith, 87 Ill. 198.

The officer having the execution can not make a selection for the debtor, nor can he change one made by the debtor Moffett v. Sheehey, 52 Ill. App. 382.

If a debtor claims property levied on as exempt, which is not made so specifically, he must show that he is the head of a family and residing with the same, by clear and satisfactory proof. McMasters v. Alsop, 85 Ill. 157.

The statute contemplates but one selection and that selection must not exceed in value an amount equal to the amount of the exemption to which the judgment debtor is entitled. Starr & Curtis' R. S., 1896, Vol. 2, p. 1889, Sec. 14; Moffett v. Sheehey, 52 Ill. App. 381.

In an action for double or treble damages on a penal statute vindictive damages can not be recovered. Penal damages are given as punitive or punitory damages.

A. C. NORTON, attorney for appellee.

A statute exempting property from levy and sale is not to be construed strictly. Washburn v. Goodheart, 88 Ill. 229; Good v. Fogg, 61 Ill. 449; Epps v. Epps, 17 Ill. App. 199.

Party may proceed under the statute for double damages, or at common law for single damages, against an officer who lawfully levies upon and sells exempt property. Amend v. Murphy, 69 Ill. 337, and cases cited.

If an officer is notified by the debtor that he claims certain property as exempt, it is not necessary that he turn out other property to enable him to maintain an action against the officer. Amend v. Murphy, 69 Ill. 339.

MR. JUSTICE FARMER delivered the opinion of the court.

This was an action of trespass brought by appellee against appellant in the County Court of Livingston County, resulting in a verdict and judgment for appellee for $300, and the

case is brought here by appeal.   Appellant was a constable, and as such received an execution issued October 9, 1902, on a judgment before a justice of the peace against appellee for $31.   On the same day he duly served appellee with the execution.   On October 11th appellee presented the constable with a sworn schedule of his personal property.   Afterward appellant selected appraisers and on November 1st they appraised the property scheduled in the aggregate at $1,089.   Five days afterward appellee presented the constable his selection.   By it the property was divided into three parts, the first consisting of articles appraised at $100 and called " first selection."   The second of articles appraised at $812 and called " second selection." The third of articles appraised at $105 and called " third selection."   These three selections embraced all the property scheduled, except one sewing machine, twenty tons of straw and forty-two bushels of oats.   Appellee seems to have been in doubt as to whether he was the head of a family, residing with the same or not, and attempted to make his selections so as to avail himself of the benefit of the exemption laws both as a single man and as the head of a family;  the " first selection " being made with a view to claiming his exemptions as a single man, and the " second selection " as the head of a family.   The " third selection " consisted of a McCormick binder and Budlong disc and attachments, which he stated were not his but were loaned him by Lyons Brothers.

Upon receiving appellee's selections, appellant demanded that he deliver to him under the execution, the property scheduled and not selected, consisting of one sewing machine, forty-two bushels of oats, and twenty-eight tons of straw; also thirty chickens and six tons of hay in the " second selection."   But the demand was refused by appellee, who stated he " would not turn out anything." Thereupon appellant disregarded all the selections and seized certain property, a part of which was embraced in the " first selection," a part in the " second selection " and certain articles found in neither selection.

Appellee had been a married man, but for some time prior to the issuing of the execution and the seizure of the property, he and his wife had not been living together. The evidence shows that appellee was "batching" and farming, and clearly that he was not the head of a family, residing with the same, and was only entitled to the exemptions allowed a single man. By his "selections" it is apparent that he attempted to make sure of his exemptions as a single man and the additional $300 worth of property allowed to the head of a family, residing with the same, if he could do so. It is clear that the property scheduled and not selected and also the property contained in the "second selection" was liable to the execution, and the question arises as to whether it was appellee's duty to deliver to the constable, upon demand therefor, the property liable to the execution, and whether upon his refusal to do so the constable might disregard both selections and levy on property embraced in either or both.

By section 14, chapter on Exemptions, Starr & Curtis' Annotated Statutes, it is made the duty of an execution debtor desiring to avail himself of the act, to make under oath "a schedule of all his personal property of every kind and character" and deliver the same to the officer having the execution or file the same with the justice or the court wherein the writ issued, and it is then made the duty of the officer having the execution to cause the property to be fairly and impartially appraised by three householders and the debtor shall then select from the schedule the articles he desires to retain, not exceeding in value the exemptions to which he may be entitled, "and deliver the remainder to the officer having the writ."

It will thus be seen by the plain language of the statute that it was the duty of appellee to have delivered to the constable the property not selected at all, and property included in the "second selection."

It is contended by counsel for appellee that it was the duty of appellant when notified by appellee of his selection to set off to him the property claimed, and that he was

under no obligation to deliver any property to appellant, and further that if it was appellee's duty to deliver property that was liable to the execution; that duty was performed when no obstacles were interposed in the way of the officer taking the property.

While the evidence in this case does not disclose that any obstacles were interposed by appellee against appellant's taking property not selected and not exempt, yet it does appear that upon request of appellant, appellee stated to him positively that he would deliver no property. It may be that the delivery required by the statute does not mean the actual moving or transporting of the property, yet we are of the opinion that the execution debtor should by some act, or words at least, authorize or consent to the officer having the writ, taking property not claimed as exempt. After making his selection he must in the language of the statute "deliver the remainder to the officer having the writ." This appellee did not do when he expressly stated to the officer that he "would not turn out anything." The mere assumption of a passive attitude in not putting any obstacles in the way of the officer having the writ, in taking possession of property not exempt, is not a compliance with the requirements of the statute.

In Udell v. Howard, 28 Ill. App. 124, Udell was sheriff, and by virtue of an execution against Howard levied on certain articles of personal property. Afterward Howard presented to the officer a schedule of all his personal property and claimed his exemptions as the head of a family. The sheriff caused the property to be appraised, and the valuation placed upon it was near $1,300. At the time the appraisal was made the officer having the writ inquired of Howard what he wanted to select for his exemptions. He named over nearly $400 worth of the property levied upon and asked the officer to give him enough of 375 bushels of oats levied upon to make up the balance. The officer believing he had no right to divide the oats the matter was dropped without a selection being completed, and the property all left at Howard's place. Afterward and before

advertising the property levied on for sale, the officer went to Howard's house and told him he had come to see him about his exemptions, and inquired if he was ready to turn out the balance of the property in the schedule. Howard replied, " I am not prepared to do it now." The officer then stated that he would have to do it then, if at all, for he was going to advertise the property for sale, and thereupon proceeded to do so and subsequently sold the property. Howard then brought suit against the sheriff to recover the statutory penalty for selling exempt property, and the court say :

" He (Howard) must be the actor and turn out or offer to turn out all his property not selected, thus bringing himself within the provisions of the statute. As to the claim which appellee sets up, that he offered to turn out the balance of his property at the time of the attempted selection, when the appraisement was made, we can only say that the decided weight of the evidence seems to be against it; yet if he did, at that time, make such an offer, he must not afterward, before the property is delivered to him, withdraw it by refusing to do it or in doing what is equivalent to a refusal, as he did on the occasion of the last conversation."

To have entitled appellee to the benefit of his exemptions he should have complied with the law relating thereto, one of the requirements of which is, that after making his selection he shall " deliver the remainder to the officer having the writ." Making the schedule and selection is a partial compliance with the law, but before a debtor can avail himself of the benefits of the statute he must comply with all the requirements it makes of him. We think this position is supported by McMasters v. Alsop, 85 Ill. 157; Bonnell v. Bowman, 53 Ill. 460; Smothers v. Holly, 47 Ill. 331; Cook v. Scott, 1 Gilm. 333.

True, the statutes under which these decisions were made were not the same as that now in force, but the principles announced will be found to be entirely applicable here. In McMasters v. Alsop, *supra*, it was said :

" If Henry had other property liable to levy and sale on execution, according to previous decisions of this court he

was bound to offer to turn it out before he could claim this property as being suitable to his condition."

And in Bonnell v. Bowman, *supra*, it was said :

" If Barber was not the head of a family he was entitled to no exemptions; or even if he was, and the levy was made without his knowledge and he afterward claimed the property as exempt, he should, if he had other property not exempt, have offered to surrender it before he could claim the horse as exempt, even if the animal was worth less than $100."

We do not regard Amend v. Murphy, 69 Ill. 337, as in conflict with these decisions or the views herein expressed. In that case the controversy was concerning a piano levied upon. It was owned by the defendant in execution and used by her in her profession as a music teacher and was by the statute then in force specifically exempt as an implement of the owner's profession or business. In Griffin v. Maxwell, 23 Ill. App. 405, it was said :

"The earlier legislation of this state, exempting from levy and sale under execution, certain of the debtor's property, required of him no affirmative act in claiming property specifically exempt to avail himself of its benefits. He need not inform the officer having the writ what his personal property consisted of. He need make no schedule thereof."

We are of the opinion, therefore, that the court erred in modifying appellant's second instruction by striking out that portion of it which stated the law in harmony with the views herein expressed.

The declaration contained five counts, the first four being on the statute allowing the owner of exempt property, levied upon, to recover double the value, and the fifth count simply for damages for unlawfully levying upon the property.

By appellee's fourth instruction the jury was told, if they found the appellant wrongfully took the property and in doing so acted in a reckless and wanton manner, then in assessing the damages they were not limited to double the value of the property, but might allow additional damages by way of punishment. This was error. The statute pro-

vides a penalty of double the value of the property taken, which includes both compensation to the owner of the property for the injury sustained and punishment to the officer for his wrongful acts, and appellee having declared on that statute was not entitled to recover that penalty and an additional penalty as further punishment.

The jury found the value of the property taken to be $139.30 and fixed the damages at $300, which was more than double the value of the property. Appellee contends that the judgment should be sustained under the fifth count. We do not think so, as it is apparent from the verdict of the jury and their answers to special interrogatories that they found their verdict under the counts in the declaration on the statute, and fixed the amount by doubling the value of the property and adding thereto a further sum as smart money.

By appellee's second instruction the jury was told, among other things, that if they found appellee was the head of a family, residing with the same, in addition to allowing appellee the $100 worth of property claimed in his "first selection," it was the duty of the appellant "to set off to him $300 worth of items of personal property in the 'second selection' * * * beginning with the first item and setting off the articles consecutively as they appear in said second selection until the amount of $300 in addition to the articles in the first selection had been set off to the plaintiff at the appraised value as fixed by the appraisers." This was erroneous. If appellee was the head of a family, residing with the same, in addition to the $100 selected he was entitled to select $300 worth of other property. But he selected $812 worth, and appellant could not know and was not obliged to inquire whether he wanted to claim the $300 from the items first mentioned in that selection, or from items elsewhere mentioned therein.

The attempt to select more than double the amount of property he was entitled to was no selection at all, and he can not be heard to claim that because he failed to make the selection provided by law, it was the duty of the officer

having the writ to make it for him. Appellee's third instruction is bad in that it imposes the same duty upon appellant to make a selection for appellee that the second does. Other errors exist in some of the same instructions mentioned, and in others given for appellee, but it would unreasonably add to the length of this opinion and serve no good purpose to discuss them in detail as the views we have expressed sufficiently show wherein they are erroneous.

We may add that in our opinion the court erred in the modification made to appellant's tenth instruction. The modification consisted of an addition which recognized the right of appellee to make two selections. He was entitled to select as exempt, property of the value of $100, and in addition thereto $300 worth, if the head of a family, residing with the same. But this does not mean that he was authorized to make two selections. The statute only contemplates the debtor making one selection and this must embrace all the property he is entitled to as exempt.

Complaint is made of the rulings of the court in refusing nine instructions asked by appellant which were refused. Some of them stated correct propositions of law, but all that was correct in them was substantially included in the ten instructions given by the court for appellant.

For the errors indicated the judgment is reversed and the cause remanded.