(120 N. W. 1094.)

---

FIRST INTERNATIONAL BANK OF PORTAL v. JOHN J. LEE.

Opinion filed April 14, 1909.

**Sheriffs and Constables — Failure to Levy Execution — Pleading — Evidence.**

Action to recover damages for the alleged failure and neglect of defendant as sheriff to levy an execution upon certain personal property held by him under a writ of attachment. At the conclusion of plaintiff's testimony, the trial court directed a verdict in defendant's favor, such ruling being made presumably upon the theory that the complaint failed to state facts sufficient to constitute a cause of action and that the plaintiff's proof failed to show a cause of action; there being neither allegation nor proof negativing any facts justifying defendant's official acts. *Held,* error, as the burden was on defendant to justify his failure and neglect to make such levy. The complaint was therefore sufficient, and the plaintiff's testimony established a prima facie case against defendant.

Appeal from District Court, Ward county; *Goss, J.*

Action by the First International Bank of Portal against John J. Lee. Judgment for defendant, and plaintiff appeals.

Reversed.

*S. M. Lockerby* and *Turner & Wright,* for appellant.

*Le Seuer, Bradford & Hurley,* for respondent.

Fisk, J. Appellant seeks to recover damages from respondent, who was sheriff of Ward county, for the latter's neglect to levy upon certain property under an execution issued upon a judgment recovered by appellant against one Shuler. At the conclusion of plaintiff's testimony, counsel for defendant moved for a dismissal of the action upon certain designated grounds which, are unnecessary here to enumerate. The trial court stated that he would treat the motion as one for a directed verdict in defendant's favor, and such motion was granted and a verdict was accordingly directed. Plaintiff moved for a new trial, which motion was denied and judgment was entered on such verdict. The appeal is both from the judgment and from the order aforesaid.

The only grounds urged by respondent's counsel in support of the correctness of the court's rulings are (1) insufficiency of the complaint in that it fails to state a cause of action; and (2) insufficiency of the evidence to prove a cause of action. We are clear that there is no merit to either contention, and that the judgment and order are erroneous, and must be reversed.

The complaint, omitting formal parts, is substantially as follows: (1) That plaintiff is a corporation. (2) That during all of the time herein recited the defendant was and now is the duly elected, qualified, and acting sheriff of the said county of Ward, state of North Dakota. (3) That on the 16th day of August, A. D. 1905, plaintiff delivered to defendant, as sheriff aforesaid, an execution duly issued out of the above-named court on said day in a certain action in said court wherein this plaintiff was plaintiff and one John Shuler was defendant against certain specific personal property theretofore attached in said action, and then in the custody and under the control of the said defendant, as such sheriff directing this defendant, as sheriff aforesaid, to satisfy the said execution out of the personal property of the defendant John Shuler, then within said Ward county, in his possession under and by virtue of the said writ of attachment aforesaid. That said execution was issued in said action by the clerk of said court upon a certain judgment of $1,291.25, in favor of the above-named plaintiff and against the said John Shuler, and rendered, entered, and docketed on the 15th day of August, A. D. 1905. (4) That defendant as such sheriff totally neglected to serve, execute, and return the said execution according to the command therein given by reason whereof the said plaintiff has wholly lost the benefit of its said judgment. (5) That

defendant, after receiving said writ of execution as aforesaid, willfully and wrongfully released the said property held by him under the writ of attachment aforesaid, and surrendered the same to the said John Shuler, to wit: One frame building, used as a meat market in the village of Portal, in said Ward county, of the reasonable worth and value of the sum of $1,000; one set of butcher's tools of the reasonable worth and value of $150; the furniture and fixtures in said meat market of the reasonable worth and value of the sum of $150; that said defendant so released the same to said John Shuler without due authority of law and contrary to the express wish of this plaintiff, and against its instruction and protest. (6) That said judgment is in full force and unsatisfied. That the said John Shuler is insolvent. Wherefore plaintiff prays judgment against the said defendant for the sum of $1,300, together with the costs and disbursements of this action.

It is asserted in effect by counsel for respondent that the portion of the complaint charging or attempting to charge defendant with actionable negligence or failure to discharge his official duty to make a levy under the execution is not a pleadable fact, but merely a legal conclusion. This contention is based upon the use of the words "willfully and wrongfully" found in the fifth paragraph. The gist of plaintiff's cause of action is defendant's failure and neglect to levy upon the property of the judgment debtor under the execution as he was therein commanded to do, and not, as counsel seem to think, his act releasing the property from the attachment. The fourth paragraph, and not the fifth, contains the gist of the charge necessary to plaintiff's cause of action, and the matters set out in paragraph 5 are merely by way of inducement to what is alleged in the preceding paragraphs. In any event, it is too plain for serious debate that paragraphs 4 and 5, when considered together, clearly charge defendant with actionable neglect in failing to levy the execution as commanded, even if we eliminate as surplusage the words "willfully and wrongfully" from paragraph 5.

It is equally clear that plaintiff's proof constituted a prima facie case in its favor. It was not incumbent upon it, as respondent's counsel contend, to negative the existence of facts showing respondent's right to release the attached property, nor to show the absence of justification for his failure and neglect to make a levy under the execution. The burden was on respondent to justify his official conduct. The authorities are a unit on this question. We cite the

following: 25 Am. & Eng. Enc. of L. 707, and cases cited; Bonnell v. Bowman, 53 Ill. 460; People v. Palmer, 46 Ill. 398, 95 Am. Dec. 418; Sage v. Dickinson, 33 Grat. (Va.) 361; 12 Am. & Eng. Enc. of L. 261; 2 Freeman on Ex. (3d Ed.) § 252, and cases cited; Terrell v. State, 66 Ind. 570; Bank v. Gilbert, 174 Ill. 485, 51 N. E. 584, 66 Am. St. Rep. 306, and note.

The judgment and order appealed from are accordingly reversed, and a new trial ordered. All concur.