JONATHAN L. BINGHAM, Appellant, v. JOHN A. MAXCY, Appellee.

## APPEAL FROM MACOUPIN.

A sheriff, wherever practicable, should, before he levies an execution, notify the defendant; and the defendant, upon such notice, if he claims the benefit of the statute which exempts the land on which he lives, and his personal property from sale, should furnish the officer with a description of his other property liable to sale on execution, or he will. be considered to have waived his rights under the statute.

THIS cause was heard before WOODSON, Judge, at April term, 1853, of the Macoupin Circuit Court.

W. WEER, for appellant.

J. M. PALMER, for appellee.

TREAT, C. J. Maxcy obtained a judgment against Bingham, and sued out an execution thereon. Bingham was then the owner of an undivided half of two tracts of land, which he had inherited from his mother, but the records of the county did not show any title in him. One tract adjoined the land on which he resided, and was within the same inclosure; the other tract was unoccupied woodland. When the sheriff went to levy the execution, Bingham told him that he would like to put land on the plaintiff. The sheriff levied on personal property, for which Bingham gave a delivery bond. Bingham did not offer land to the sheriff, nor did he object to the levy on personal property. On this state of case, Bingham moved the circuit court to set aside the levy. The motion was denied, and he appealed to this court.

The statute declares, that "the plaintiff in execution may elect on what property he will have the same levied, except the land on which the defendant resides, and his personal property, which shall be last taken in execution." R. S. ch. 57, § 9. By this statute, a defendant may insist that his personal property and the land on which he resides, shall not be taken in execution until the rest of his property in the county is exhausted. This provision is made for his benefit, and he may waive any right under it. It is the duty of a sheriff, before he proceeds to levy an execution, whenever practicable, to notify the defendant;

and it then becomes the duty of the latter, if he claims the benefit of this statute, to furnish the officer with a description of his other property liable to sale on execution.  If he has notice, and fails to furnish such description, he must be considered as waiving his rights under the statute; and the sheriff may proceed to levy on any of his property not otherwise exempt from execution.  If a sheriff levies upon the personal property or homestead of the defendant without giving him notice of the execution, the latter may still insist upon his right to have the judgment satisfied out of his other property.  But he must, in such case, furnish the sheriff with a list of that property at the earliest opportunity.  See the case of Cook v. Scott, 1 Gilm. 333, where this court put the same construction upon a similar statute.

In this case, the sheriff gave the requisite notice of the execution, and the defendant failed to insist upon his rights under the statute.  He permitted the sheriff to seize personal property, without requiring him to satisfy the execution by the sale of real estate.  He did not give the sheriff a list of his real estate, or even inform him that he had such estate.  He must be held to have waived all benefit under the statute.  It was too late to insist upon this right after the making of the levy and the execution of the delivery bond.  The court very properly refused to set aside the levy.

The judgment is affirmed.

*Judgment affirmed.*