THE PEOPLE OF THE STATE OF ILLINOIS,

for the use of GREGG *et al.*

*v.*

SMITH M. PALMER *et al.*

1. SHERIFF—*liability for failure to levy execution.* Where a sheriff receives an execution from a foreign county, against a party defendant, residing in his county, who is in possession of land, of sufficient value in excess of the incumbrance upon it to make the debt, the reasonable diligence which the law requires, will not excuse such officer from making a levy, and filing a certificate of the same in the recorder's office of his county.

2. So, in regard to personal property found in the defendant's possession; the fact that he is informed that such property, then in the defendant's possession, is not the property of defendant, will not exempt him from liability for not levying, if it afterward appear that the property at the time was the property of defendant.

3. NOTICE—*of levy.* It is the duty of the officer having an execution in his hands, before he proceeds to take or seize any of the personal property of the defendant in the execution, by a levy thereon, to notify such defendant, if practicable, of his having such execution in his hands, and on so doing, the right arises to the defendant to select such property as he desires to retain under the statute, surrendering to the officer all his other property not thus selected or specifically exempt, for the satisfaction of the execution; and if the defendant so neglects or refuses to make a selection of property, the officer may proceed to levy upon any of his property not specifically exempt, and sell it, regardless of any claim the defendant may subsequently set up to such property as having been selected by him. But in case of the absence of the defendant from the county, while the sheriff had the execution, and could not therefore be notified, it was the duty of the sheriff to make a levy on all property not specifically

exempt, and thereafter the defendant may make his selection of the property so levied on, of the same quality and value as before the levy.   But in such case, the defendant should surrender, or offer to surrender, an amount of other property sufficient to satisfy the execution, and failing to do this, the officer may proceed with the sale, unless the aggregate value of the property selected did not exceed the value of the property exempted under the statute.

4.  BURDEN OF PROOF—*in a failure to make a levy.*   Where a sheriff fails to make a levy on the personal property in the possession of the defendant, he can only discharge himself from liability by showing the property was not subject to levy.   The *onus probandi* is upon the officer.

APPEAL from the Circuit Court of Morgan county; the Hon. CHARLES D. HODGES, Judge, presiding.

The opinion fully states the case.

Messrs. MORRISON & EPLER, for the appellants.

Mr. I. J. KETCHUM and Mr. HENRY E. DUMMER, for the appellees.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of debt, commenced in the Circuit Court of Morgan county by the People of the State of Illinois against Smith M. Palmer, as sheriff of Morgan county, and John H. Carver and Samuel Rhea, his sureties on his official bond.

The charge in the declaration is, that a certain execution, in favor of Gregg and Hughes, as partners, and against William D. Powell and Samuel T. Crawley, issued out of the clerk's office of the Circuit Court of Cook county, on the 26th of January, 1866, came duly to the hands of Palmer, as sheriff of Morgan county, to be executed, on the eighth day of February, 1866, and that Crawley, at that time, was living in Morgan county, and continued to reside there during the life time of the execution, having property, liable to levy and sale, sufficient to satisfy the execution, but that Palmer

neglected to levy the *fi. fa.*, but held it till April 28, 1866, at which time he falsely returned it, "no property found." The second breach is, after stating that Powell was insolvent, and did not reside in Morgan county, that Crawley was a resident thereof, and for thirty days from the date of the delivery of the *fi. fa.*, up to March 12, 1866, was in possession of two hundred and seven acres of land, more or less, in Morgan county, liable to levy and sale under the *fi. fa.*, of sufficient value to pay the judgment, interest and costs, had the same been exposed to sale; that it was the duty of Palmer to levy and file certificate of levy, and thereby secure a lien on the land; that he failed so to do, having reasonable opportunity to make such levy from February 8 to March 12, 1866, on which last named day, Crawley conveyed the land, by deed, which was duly recorded, by which neglect the plaintiffs lost their debt.

The third and fourth breaches are substantially the same.

The defendant, Palmer, presented his defence in eight special pleas, but the issue was narrowed down to the inquiry, had Crawley property in Morgan county, real or personal, subject to levy and sale, and was the sheriff guilty of negligence.

That Crawley had both real and personal estate subject to levy, is well proved. Though his land may have been incumbered by a prior mortgage, his equity of redemption was subject to levy and sale, and nothing is shown to prevent a levy.

The tract contained one hundred and sixty acres of land, and the "forty" on which the improvements were, were worth one hundred dollars per acre, Crawley himself valuing the whole tract at eighty dollars per acre during the spring of 1866. There was then on the farm ten or twelve horses, worth one hundred dollars each, some cattle and corn, and a carriage. The farm was three miles from Jacksonville. Another witness said he had six or eight head of horses, or more, some cows and young cattle; horses were used by

Crawley's family, worth one hundred dollars per head. The defendant saw, himself, five or six horses on the farm, two of which were said to be claimed by a man working on the place. The testimony shows a large amount of personal property, *prima facie* subject to the execution, and it does not appear the necessary effort was made by the sheriff to levy upon any portion of it.

The law is plain on this subject. The first section of the act respecting judgments and executions, Ch. 57, R. S. 300, provides that all and singular the goods and chattels, lands and tenements and real estate of every person against whom any judgment has been obtained in any court of record, etc., shall be liable to be sold upon execution to be issued upon such judgment, etc.; other sections (32,33) of the statute, specify the articles of personal property exempt from execution. In view of this principle of exemption, this court held, in *Cook* v. *Scott,* 1 Gilman 333, as a general rule, that it was the duty of the officer having an execution in his hands, before he proceeds to take or seize any of the personal property of the defendant in the execution, by a levy thereon, to notify such defendant, if practicable, of his having such execution in his hands, and on so doing, the right arises to such defendant to select such property as he desires to retain under the statute, surrendering to the officer all his other property not thus selected or specifically exempt, for the satisfaction of the execution.

It was also there held, if a defendant, after notice from the officer, neglects or refuses to make a selection of property, the officer may proceed to levy upon any of his property not specifically exempt, and sell it, regardless of any claim the defendant may subsequently set up to such property as having been selected by him.

In this case, the defendant, Crawley, was absent from the county while the sheriff had the execution, and could not, therefore, be notified. In such case, it was clearly the duty

51—46TH ILL.

of the sheriff to make a levy on all property not specifically exempt, and thereafter, the defendant might make his selection of the very property levied on, precisely as he might have done before the levy, provided it was such in quality and value as he might have selected before the levy. In such case, however, the defendant should, on notifying the officer, surrender or offer to surrender an amount of other property sufficient to satisfy the execution, and neglecting this, the officer might proceed with the sale, unless the aggregate of the property levied on, and afterward selected, and that retained by the defendant and not specifically exempt from execution did not exceed the value exempted. *Cook* v. *Scott, supra* 342, 343.

In *Bingham* v. *Marcy,* 15 Ill. 290, the same doctrine was held, that a sheriff, whenever practicable, should, before he levies an execution, notify the defendant, and other defendant, upon such notice, if he claims the benefit of the statute which exempts his personal property from sale, must furnish the officer with a description of his other property liable to sale on execution, or he will be considered to have waived his rights under the statute.

To the same effect is the case of *McCluskey* v. *McNeely,* 3 Gilm. 578. Here is shown a total disregard of the statute, and an inexcusable neglect of duty, for the consequences of which the sheriff is responsible. It is a safe rule to hold, that a sheriff failing to levy on personal property in the possession of the defendant, can only discharge himself from liability by showing the property was not subject to levy. The *onus* is upon the officer.

The sheriff also neglected to levy upon the defendant's land, worth, at the time he held the execution, at least ten thousand dollars, and though encumbered by a mortgage of less than three thousand dollars, was amply sufficient to satisfy the execution, with a large overplus.

The judgment against Crawley was obtained in a foreign county, and could only be made a lien by the levy of the execution which issued upon it, and filing, by the sheriff, a certificate of such levy in the recorder's office of the county where the land was situated; Ch. 57, R, S. 305, § 25. . By omitting to make this levy, and making and filing the certificate thereof, the plaintiff in the execution lost his lien on the land.

The excuse for this neglect by the sheriff is, that the plaintiff in the execution had not furnished any funds to pay the fees for filing and recording the certificate of levy. This excuse is wholly insufficient to relieve the sheriff from his responsibility in failing to levy and making and presenting his certificate thereof to the clerk to be filed. It was his duty to make a levy on the land, and present the certificate to be filed of record with the clerk of the circuit court, and if the clerk failed to record it, by reason that his fees were not paid, the sheriff had discharged his duty by presenting the certificate for record. The sheriff should have levied on the land at all hazards, and have made a certificate thereof; which, if on being presented to the clerk, be refused to record, the sheriff would be exonerated. He should have presented the certificate of levy to the clerk, for the clerk might, for ought the sheriff could know, have had funds of the plaintiff in his hands, to discharge the costs of filing and recording. There appears to be no excuse for failing to levy and to present the certificate of levy. He did none of the acts required of him by the statute, and he must suffer the consequences of his neglect.

These consequences are, such damages as the plaintiffs may show they have sustained, to be recovered by action on his official bond.

For the reasons given, the court should have given for the plaintiffs the eighth instruction asked by them, and for refusing the same, the judgment must be reversed and the cause remanded for further proceedings, not inconsistent with this opinion.                                    *Judgment reversed.*