# CHARLES HARMS

*v.*

## JOHANNA SOLEM *et al.*

1. DISTRESS WARRANT—*excessive levy.* In an action of trespass against a landlord, for taking the property of his tenant under a distress warrant, it is error to instruct the jury that if the defendant took more than was necessary to pay the rent then due, or claimed more rent than was due, the distress was illegal as to the excess of property taken and for the rent not then due.

2. The landlord is permitted to make a reasonable distress, and he is not bound to confine himself to the precise amount of rent due. If he were knowingly to claim more rent than was due, for the purpose of oppression and wrong, and levy an amount sufficient for its payment, he would be guilty of wilfully and maliciously making an excessive levy;

but a mere mistake in judgment as to the value of the property seized, or a want of knowledge of the sum due, can not render him a trespasser.

3. TRESPASS—*in a joint action for, to personal property, no recovery can be had for injury to separate property of one.* In a joint action for trespass to property owned jointly by the plaintiffs, if one of them holds any of the property in his own right, as his separate property, the other has no right to recover damages sustained by such owner in its being seized, unless there is an arrangement between them by which it is being jointly used by them, and even then not for the value of the property, but simply for the injury they may sustain by being deprived of its use.

4. CREDIBILITY OF WITNESSES. An instruction, "that if the jury believe that a witness has wilfully made statements in any matter material to the issue, then the evidence of such witness may be rejected and utterly disregarded, except so far as corroborated by other testimony," is manifestly wrong.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

This was an action of trespass, brought by the appellees, jointly, against the appellant, for damages sustained by reason of the taking of their goods, under a distress warrant, issued by him as their landlord, for rent claimed to be due.

Messrs. RUNYAN, AVERY & COMSTOCK, for the appellant.

Messrs. BROWN & MOSNESS, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The court below erred in giving appellees' first instruction. It was this:

"The court instructs the jury, that a landlord, in distraining for rent, must not make an excessive levy, but is only allowed to take a reasonable amount of property, neither is he allowed to distrain for more than is due at the time of making the distress; and if the jury find, from the evidence, that the said defendant took more property from the plaintiffs than was necessary to satisfy the amount due to the defendant, Harms, as rent, at the time of making the distress,

and that the said defendant, Harms, claimed more money in his distress warrant than was due him at that time, then the jury are instructed that, so far as the distress was excessive, or for more money than was due for rent at the time, it was an illegal distress, and the jury will find for the plaintiffs. and assess whatever damages the plaintiffs have sustained by such illegal distress."

The first proposition announced by this instruction is correct. An excessive levy or distress is not permitted. nor, as an abstract proposition of law, can a landlord be permitted to distrain for more rent than is due him. But the instruction was manifestly wrong in saying, that if appellant took more than was necessary to pay the rent then due, or claimed more rent than was due, the distress was illegal as to the excess of property taken and for the rent not then due. To so hold, would render any landlord liable for a trespass, who should, in distraining, seize property worth one dollar, or even less, more than the amount due, or if, from any cause, he were in his distress warrant to claim a few cents more than was due to him, however honest and good his claim or his intention. No allowance for mistakes or miscalculation, however honest, so that he miscalculates, in either respect, but a few cents, he must be held a trespasser, and must suffer the penalty of damages, costs, and, it may be, exemplary damages. The mere statement of the proposition shows that it is erroneous, and yet this instruction, in effect, informed the jury, if such a claim or seizure was made, that appellant should suffer such consequences.

The landlord is permitted to make a reasonable distress. He is not bound to confine himself to the precise amount of rent due. Property, unlike money, has no precise fixed value. No one can know with precision what property will bring when exposed to sale at auction. Hence, he can only seize what may be reasonably supposed to be sufficient to realize enough to pay the rent due.

Nor can men always certainly know the precise amount of rent due when a distress is made. In this case, after all the evidence was heard, there was still doubt as to the precise amount that was owing at the time the distress warrant was issued. The landlord is not permitted to distrain for rent not due, but will become due in the future. But we do not understand that he is confined in his claim for rent to the precise amount due, nor does the statute which requires a return by the bailiff to be made to the court. and a trial to be had to ascertain the amount due, recognize such a rule. On the contrary, it requires the court to find the amount that is due by trial, and to render judgment for the amount in favor of the landlord ; and it provides that execution shall issue, but that the property distrained shall be first sold. There is nothing in the provisions of the statute that sanctions the position that the seizure shall be for the precise amount due. On the contrary, it allows the tenant to set off such claims as he could were it a suit for the rent, and then requires judgment for the sum found due, and an execution for the sale of the property seized.

If the landlord were knowingly to claim more rent than was due, for the purposes of oppression and wrong, and levy an amount sufficient for its payment, then he would be guilty of wilfully and maliciously making an excessive levy. But mere mistake in judgment as to the value of the property seized, or a want of knowledge of the sum due, can not render him liable as a trespasser.

Appellant's fourth instruction is wrong, as it appears in the record. The last clause states, that if the jury believe that any witness has "wilfully made statements in any matter material to the issue, then the evidence of such witness may be rejected and entirely disregarded, except so far as corroborated by other testimony." This clause is manifestly wrong. It is so obvious, that it only need be seen to demonstrate its incorrectness. It does not require the statement to be false— simply that it be wilfully made, however true—to reject all the evidence of the witness.

464      Harms *v.* Solem *et al.*     [Sept. T.

Opinion of the Court.

Again, the court erred in refusing to give either the second or fifth of appellant's instructions.

This is a joint action for injury to property owned jointly, or to property which was jointly in their possession and use. If either of them, in his own right, held any of it as his separate property, the other plaintiff had no right to recover damages sustained by the owner in its being seized, unless there was an arrangement by which the property was being jointly used by them, and then not for the value of the property, but simply the injury they had sustained by their being deprived of its use. And we find no evidence that the separate apparel or jewelry of each was used jointly under any such arrangement.

The third and fourth of appellant's instructions asserted the same propositions as to the first and fourth counts, and they were so modified by the court as to inform the jury that it did not matter, under the other counts, whether the property was owned jointly or separately, or to whom it belonged. These modifications were wrong, as we have seen, and were highly calculated to mislead, and, no doubt, did mislead the jury in their finding.

The law has been long and well settled as to the rights of the defendant in claiming the exemption given from levy and sale of exempted property under execution or distress for rent. See *Cook* v. *Scott*, 1 Gilm. 333; *Bingham* v. *Maxcy*, 15 Ill. 290; *Vaughan* v. *Thompson*, 17 Ill. 78; *McCluskey* v. *McNeely*, 3 Gilm. 578; *Smothers* v. *Holly*, 47 Ill. 331; and *Bonnell* v. *Bowman*, 53 Ill. 460. These cases, it is believed, settle any question that can arise under the counts averring a seizure of property exempt from distress. Hence, their discussion would only be a repetition of what has already been said by the court.

The judgment of the court below must be reversed, for the errors indicated, and the cause remanded.

*Judgment reversed.*