ROBERT A. WRIGHT

*v.*

GARRARDUS P. DEYOE.

EXEMPTION — *when right to select property is lost.* Where a defendant in execution is notified by the officer that he holds the same, and that he will at a certain time and place levy the same upon property, and such defendant neglects and fails by the time named to make his selection under the statute exempting $60 worth of property suitable, etc., he will lose the right to make his selection on a day subsequent to the levy, and the officer levying upon property not specifically exempt will not be liable for selling the same, regardless of any subsequent selection by the debtor.

APPEAL from the Circuit Court of Marshall County; the Hon. JOHN BURNS, Judge, presiding.

Mr. FRED. S. POTTER and Messrs. BANGS, SHAW & ED-
WARDS, for the appellant.

Mr. P. S. PERLEY, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of trespass, brought against appellant,
sheriff of Marshall county, to recover double the value of
certain property levied upon and sold by him in satisfaction
of a certain execution which came into his hands for collec-
tion, issued upon a judgment rendered against appellee.

Several grounds of reversal have been urged by appel-
lant, but we do not deem it necessary to consider all of
them. The record, however, discloses one palpable error,
for which the judgment will have to be reversed. The
defendant, appellant here, requested the court to give the
following instruction, which was refused, and an exception
taken to the decision :

"If the jury believe, from the evidence, that the officer
told the plaintiff, on an evening, that he had the execution,
and informed him of the contents of it, and that on the
following day he would meet the plaintiff at his house and
then make a levy, and that he might in the meantime find
out his rights and see what he wanted to do ; and that on
the next day the officer went to Deyoe's house, and that
Deyoe was purposely absent ; then in that case the officer
would be entitled to levy upon any of the property of the
defendant not specifically exempt, and in case the facts are
proven by the testimony to be as above supposed, Deyoe
would not be entitled to make a selection afterwards."

The largest part of the property sold consisted of corn,
which appellee claimed under that clause of the statute
exempting $60 worth of property suitable to the condition
or occupation in life of the debtor, and to be selected by
him. It was, then, an important inquiry whether before
the levy appellee had been notified by the sheriff of the
execution, and had an opportunity to turn out property in

satisfaction thereof, and set up his claim to such property as he desired to select as exempt under the statute ; and it was the undoubted right of appellant to have the law applicable to the facts given to the jury.

Did the refused instruction declare a correct principle of law under the facts established before the jury? A brief reference to the authorities bearing upon the question, we think, will show the instruction was in substance correct, and should have been given. The testimony is clear that appellee had property subject to the execution, and it is averred in the declaration that he offered to turn out property to the officer when he claimed the corn levied upon as exempt. In *Cook* v. *Scott*, 1 Gilm. 333, where the question arose as to the duty of an officer holding an execution, and the rights and duties of the defendant in execution, the court held as a general rule it was the duty of an officer holding an execution in his hands, before he proceeds to take or seize any of the personal property of the defendant in the execution by a levy thereon, to notify such defendant, if practicable, of his having such execution in his hands, and then the defendant has the right to select such property as he desires to retain under the statute, surrendering to the officer all of his other property not thus selected, or specifically exempt, for the satisfaction of the execution. The court also held, if a defendant, after notice from an officer having an execution against him, neglect or refuse to make a selection of property allowed him by statute, the officer may proceed to levy upon any of his property not specifically exempt from execution, and sell the same, regardless of any subsequent claim of the defendant to such property. In *Bingham* v. *Maxcy*, 15 Ill. 290, and in *The People* v. *Palmer*, 46 id. 398, the same principle was announced, and the doctrine of *Cook* v. *Scott* was fully approved.

As we understand the refused instruction, it announces the law as held in the cases cited, and nothing more. If, as the instruction declares, the defendant in execution was **notified by the officer that he held the execution, and that**

he would at a certain time and place levy the same upon property, this gave the defendant in execution ample opportunity to make a selection of the property he desired to claim under that clause of the statute exempting $60 worth of property from levy, and if he neglected and failed to make his selection, as declared in the cases cited he lost the right to come in, on a day subsequent to the levy, and make a selection of the property he desired to claim.

The instructions of appellee, it is claimed, ignore the fact that the defendant had notice of the execution, and opportunity to make a selection of property before a levy. It will not, however, be necessary to consider these instructions and review them here. In so far as they conflict with the law as settled in the cases cited, and the views here expressed in regard to the appellant's refused instruction, they are incorrect, and can not be sustained; and on another trial, should one be had, the instructions can be made to conform to the law applicable to the facts as proven.

For the error indicated, the judgment will be reversed and the cause remanded.

*Judgment reversed.*