## MANUEL FIGUEIRA

*v.*

## BENJAMIN PYATT.

1. PLEADING—*declaration on a penal statute.* Where an action is based upon a penal statute, which should receive a strict construction, the plaintiff must show by averments in his declaration that the case comes within the provisions of the law, or the pleading will be subject to demurrer.

2. SAME—*declaration for levying on property claimed to be exempt.* In a suit against an officer to recover treble the value of property levied upon, which is claimed as exempt under the act of 1872, in lieu of the enumerated articles, the plaintiff must aver, in his declaration, that he did not have *any* or *either* of the articles made specifically exempt, or if he had a portion and not all, he must aver what articles he did not have. It is not sufficient to aver that he did not have the articles specifically exempt, specifying them.

3. SAME—*declaration for levying on goods claimed under the* $100 *clause.* Under the act of 1872, if the debtor desires to avail himself of the provision exempting $100 of other property from levy and sale, he must select the articles and claim them, and in an action against an officer for levying upon and selling the same, the declaration will be fatally defective if it fails to show such selection and claim.

WRIT OF ERROR to the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. EPLER & CALLON, and Mr. OSCAR A. DE LEUW, for the plaintiff in error.

Messrs. DUMMER, BROWN & RUSSELL, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of trespass, against the sheriff of Morgan county, to recover treble the value of certain merchandise alleged to have been taken and sold upon an execution when the property, as is alleged, was exempt from execution.

The declaration contained three special counts, to each of which a demurrer was sustained, and the only question presented by the record is, whether the declaration was sufficient.

As the action is based upon a penal statute, which should receive a strict construction, the plaintiff was bound to show, by his averments, that the case clearly came within the provisions of the act. It is not claimed that the officer levied upon any of the specific articles of personal property which are exempt under the statute, but in the first and second counts of the declaration the right of recovery was based upon the theory that the plaintiff did not have any of the articles enumerated as exempt, but had the right to hold the property taken in lieu of the specific articles, under section 14 of the act of 1872, which declares, whenever the debtor has not any or all of the specific articles hereinbefore exempted, he may elect others of equal value in their stead, or he may retain the value thereof in money, if he shall so elect.

In order to recover under this section the plaintiff was bound to aver that he did not have any or either of the articles exempted, or if he had a portion and not all, he was required to aver in clear terms what articles he did not have.

These averments are not contained in either the first or second count of the declaration. It is averred that the sheriff took and carried away a certain quantity of groceries, which are described in detail, the property of plaintiff, of the value of $500. Then follows the averment, in this language: "And the plaintiff avers that at the time of the levying and taking and carrying away of the aforesaid goods and chattels by the said defendant, he, the said plaintiff, did not have, own or possess the following described personal property, specifically exempted by law, to-wit: necessary beds, bedsteads and bedding, two stoves and pipes." Then follows the entire list of articles exempt, in the language of the act.

This averment might be true, and at the same time the plaintiff may have possessed one-half or three-fourths of the articles described in the list as exempt. He should have averred he did not have either of the articles. An averment of that character would have been definite, but when the pleader said he did not have the articles named in the statute,

enumerating them, the fair inference is he may have had a portion thereof. The averment might have been true, and yet the plaintiff, for all that appears, may have had all the articles except one. It can not be assumed, from a statement that plaintiff did not have all of certain enumerated articles, that he had none of them.

The third count of the declaration is predicated upon the theory that goods, of the value of $100, taken, were exempt, and the sheriff was liable because he failed to set off to the plaintiff that amount of the goods. The count, however, is fatally defective, for the reason it fails to contain an averment that plaintiff selected and claimed $100 worth of goods as exempt under the statute. Where a defendant in execution desires to avail himself of this provision of the statute, the law requires that he should select the articles and claim them under the act, and the declaration, to be good, must contain an averment of that fact. We do not regard either count of the declaration sufficient, and must hold the court decided right in sustaining the demurrer.

The judgment will be affirmed.

*Judgment affirmed.*