## SYLVESTER J. BLAIR
### v.
## JACOB V. PARKER.

1.  EXEMPTION LAW—SCHEDULE.—Under the present statute relating to levy of executions and exemptions, it is necessary for the debtor, whether he has more or less property than is exempt by law, to make and present a schedule of the same, as provided by law, within a reasonable time after he has notice of the issuing of the execution, if he would claim the benefits of the exemption.

2.  PROPERTY OMITTED—AMENDMENT OF SCHEDULE.—The protection given by the statute upon compliance with its conditions, is withdrawn from all property not scheduled, and this independently of any questions of fraud, inadvertence or mistake. The statute has not made provision for more than one schedule, nor made the officer the judge to determine whether the omission of property from the schedule was through inadvertence, and while the court does not decide whether an officer would be justified in allowing an amendment when he is satisfied an article has been unintentionally omitted, it is held no liability will attach upon his refusal to accept an amended schedule after he has acted upon the first.

APPEAL from the Circuit Court of Warren county; the Hon. JOHN J. GLENN, Judge, presiding. Opinion filed November 1, 1879.

A judgment was rendered by a justice of the peace of Warren county against the appellee, upon which execution was

issued and placed in the hands of the appellant, a constable, for collection.

The appellee made out a schedule purporting to contain an inventory of all his personal property, subscribed and sworn to by him, and delivered the same to the appellant. This schedule not containing the wagon in controversy, the appellant seized and sold the wagon upon the execution. At the time of the levy upon the wagon, the appellee claimed to the constable that he had forgotten to include the wagon in the schedule, and desired the constable to amend the schedule by inserting it; but the appellant, stating to appellee that he had no right so to do, refused to amend the schedule and took away the wagon. Some three our four days after the levy, the appellee tendered to the officer a second schedule, in which was included not only the wagon, but some seven other articles of personal property not appearing in the one first presented to the officer, and insisted that the officer should proceed under the statute and have the property appraised, claiming that it was all exempt, as not amounting to $400.

The officer would not receive the second schedule, and proceeded under his levy upon the wagon and sold it, and this action is brought by the appellee to recover the statutory penalty of double the value of the property for the illegal selling of exempt property.

Messrs. STEWART, PHELPS & GRIER, for appellant; as to the duty of the debtor to claim exemption before levy is made, cited Cook v. Scott, 1 Gilm. 333; Bingham v. Maxcy, 15 Ill. 290.

Mr. JAMES W. DAVIDSON, for appellee; that it is the duty of the levying officer to notify the debtor of his rights, cited State v. Romer, 44 Mo. 99; State v. Barada, 57 Mo. 562; Cook v. Scott, 1 Gilm. 333; McClusky v. McNeely, 3 Gilm. 578; Smith v. Palmer, 46 Ill. 398; Thompson on Homesteads and Exemptions, 821.

The judgment is no lien if the debtor has no other than exempt property: Cole v. Green, 21 Ill. 104.

Although the debtor may claim to have sold the property,

if the officer goes on and makes a sale, the debtor is not estopped from showing that the property was his own, and exempt: Farrell v. Higby, Hill & Denio, 89; Wallace v. Truesdale, 6 Pick. 455; Dezell v. Odell, 3 Hill, 215; Vaughan v. Thompson, 17 Ill. 78.

Property reserved by law cannot be sold under execution, even by consent of the family: Ross v. Lister, 14 Tex. 469.

A fraudulent conveyance of chattels by the debtor will not defeat the exemption: McCord v. Moore, 5 Heisk. 734; Wilcox v. Hendley, 31 N. Y. 648 ; Calmony v. Carpenter, 10 Ala. 500 ; Helreck v. Campbell, 14 Pa. St. 263; Mosby v. Anderson, 40 Miss. 49; Duvall v. Rollins, 71 N. C. 218; Patton v. Smith, 4 Conn. 450; Anthony v. Wade, 1 Bush. 110; Meghe v. Draper, 21 Mo, 570; Vaughan v.Thompson, 17 Ill. 78; Tracy v. Cover, 28 Ohio St. 61 ; Hines v. Tiffany, 25 Ohio St. 549.

PILLSBURY, P. J. Two questions are made and argued by counsel arising upon this record: *First*—If an execution debtor has no more personal property than is exempt by statute from levy and sale under execution, is such debtor required to make and deliver to the officer holding the execution any schedule whatever of his personal property? And, *secondly*, Is the officer bound to allow the debtor to amend his schedule after it is once made and presented to the officer, by inserting therein other articles, or is the officer bound to accept a second schedule including property omitted from the first one?

The statute of 1877, Sess. Laws, page 102, after declaring a few articles of personal property specifically exempt provides: " And one hundred dollars' worth of other property to be selected by the debtor, and in addition, when the debtor is the head of a family and resides with the same, three hundred dollars' worth of other property to be selected by the debtor."

By the second section of the act it is declared that," "Whenever any debtor against whom an execution, writ of attachment or distress warrant has been issued, desires to avail himself or herself of the benefit of this act, he or she shall make a schedule of all his or her personal property of every kind and character, including money on hand, and debts due,

Blair v. Parker.

and owing to the debtor, and deliver the same to the officer having the execution, writ of attachment or distress warrant, which said schedule shall be subscribed and sworn to by the debtor, and any property owned by the debtor and not included in said schedule, shall not be exempt as aforesaid. And thereupon, the officer having the execution, writ of attachment or distress warrant, shall summon three householders, who after being duly sworn to fairly and impartially, appraise the property of the debtor, shall fix a fair valuation upon each article contained in said schedule, and the debtor shall then select from such schedule the articles he or she may desire to retain, the aggregate value of which shall not exceed the amount exempted to which he or she may be entitled, and deliver the remainder to the officer having the writ, etc."

It is the duty of an officer receiving an execution to notify the defendant in the writ that he has such writ, and of his intention to make a levy upon his property whenever practicable so to do (Cook v. Scott, 1 Gil. 333), and should then, if the debtor desires to claim the benefit of the act, delay making the levy for a reasonable time, as the statute does not fix the time for the debtor to prepare and present his schedule, it not being contemplated by the statute that in ordinary cases the officer will take and remove the property until schedule is made, appraisement had, and the debtor selects the articles he wishes to retain under the statute, after which the remainder is to be delivered to the officer for the purpose of his making a levy thereon.

We would not be understood, however, that in all cases it is incumbent upon the officer to notify the defendant that he has the writ, and then wait before seizing the property, for it might happen that such notice would under certain circumstances deprive the plaintiff of the benefit of his writ, and defeat its very object, as when the debtor may be absconding taking his property with him, or about disposing of his property subject to an attachment, or in many other instances that will readily occur to the mind; but if a levy be made under any of these circumstances without the debtor having had notice and

Blair v. Parker.

time to make his selection, he will not be deprived of the right after such levy of making and presenting his schedule at any time before sale, and of making his selection under the statute; and in such case, he may, if he so desires, select from such schedule the very articles that have been levied upon by the officer, by surrendering the others not selected.

Under the statute in force when Cole v. Green, 21 Ill. 105, was decided, where the debtor had no more property than was exempt, the selection was made for the debtor by the law itself, and no affirmative act was required of the debtor to protect his property from levy and sale, but the officer acted at his peril, and if it should appear upon a trial against the officer for selling exempt property that the debtor was entitled to hold it all as exempt, the officer must suffer the penalty; and on the other hand, if he neglected to levy, and it should appear that the debtor had property subject to execution, then he must respond to the plaintiff in execution.

This position of the officer was in many instances a hazardous one, and he was frequently subjected to pecuniary loss when he had endeavored in the best of faith to perform his duty under the statute that required him, upon receiving execution, to "proceed immediately and levy the same" upon the personal property of the debtor.  Officers, therefore, being averse to assuming such risks, and debtors being under no legal compulsion to inform the officer of the condition, kind and character of their property, and the officer having no knowledge thereof, the creditor frequently lost his debt entirely or had its collection indefinitely postponed, when in fact the debtor owned property not exempted sufficient to satisfy it.

These were undoubtedly some of the reasons that led to the statute of 1877, requiring the debtor to disclose under oath to the officer all his personal property, and thereby place the officer in a position where he can act with a full knowledge of the condition of the debtor's property.

For this purpose the present statute constitutes the defendant in execution an actor, and declares in express terms the particular method by which the debtor can select his four hundred dollars' worth of property, if he desires to avail himself of the benefit of the act.

It confers upon him a right or privilege to have a certain amount of his property placed beyond the reach of his creditor by complying with the terms of the statute, if he desires to make any selection, and to avail himself of the benefit of the act giving him such right of selection.

The construction placed upon the former statute by our Supreme Court (McClusky v. McNeely, 3 Gil. 578,) made it the duty of the defendant in execution to make his selection at the time of the levy, if he had notice of the levy, and if he failed so to do, the officer might levy upon and sell any of the debtor's property, not specifically exempt, without reference to any claim the debtor might thereafter make. Cook v. Scott, 1 Gilm. 333; The People, for use, etc. v. Palmer, 46 Ill. 398.

The selection then required to be made need not be in writing, subscribed and sworn to, hence could be made by the debtor at once; but as the present statute requires an affirmative act to be done by the debtor, that necessarily consumes some time, we are of the opinion that the debtor will not be held to have waived his right to make his selection by schedule, as provided by the statute, until a reasonable time after notice of the issuing of the execution given him, and he shall neglect or fail after the expiration of such time to make and present such schedule to the officer. It is necessary in all cases that he should claim his selection by scheduling all of his property, if he wishes the benefit of the act to be extended to him.

The statute appears to furnish a clear answer to the second question involved in this case. It in express terms, requires the debtor to make and deliver to the officer a schedule of all his personal property of every kind and character, and then declares that any property owned by the debtor and not included in said schedule, *shall not be exempt as aforesaid.*

The protection given by the statute, upon compliance with its conditions, is withdrawn from all property not scheduled, and this, independently of any question of fraud, inadvertence or mistake. The statute has not provided for more than one schedule, nor made the officer the judge to determine whether the omission of the property from the schedule was intentional, and therefore fraudulent, or occurred through inadvertence

on the part of the debtor. We have no power to engraft upon the statute any proviso, allowing the debtor to select an omitted article, when the legislative declaration is, that it shall not be exempt. While we recognize the rule that exemption laws are to be construed liberally in favor of the debtor, we are aware of the other rule in construing statutes, equally applicable in this case, that when a party seeks to recover a penalty given by statute, he must bring himself clearly within the terms of the statute, or his action fails.

We are not called upon to decide in this case, and do not therefore determine the question whether an officer would be justified in allowing an admendment to the schedule when he is satisfied the omission to include any article of property therein occurred through a mistake of the debtor, but we find no law that makes him liable to a penalty for not doing so, or for refusing to accept a second schedule after he has acted upon the first one. The judgment of the court below must be reversed, and the cause remanded.

Judgment reversed.

LACEY, J. I concur in the opinion of the court in the first part of the opinion, but dissent as to the latter part.

I hold that when the officer notifies the execution debtor that he holds the execution, and demands property, it is the duty of the execution debtor to at once make out his schedule, but I believe a proper construction of the law to be that in case he by mistake or inadvertence omits some article or articles from the schedule, he may, at any time before levy on the omitted articles, or before the officer selects the appraisers, if the property is appraised, amend his schedule. It seems to me a fair and liberal construction of the statute would allow this, and that the officer has no right to refuse it.