## John Cook et al.

### v.

### Nobert Bohl.

Exemptions—Debtor must furnish schedule.— It is the duty of the debtor if he would claim the benefit of the exemption law, to make a schedule of all his personal property, subscribed and sworn to by him, and tender the same to the officer.

Error to the Circuit Court of Calhoun county; the Hon. Jesse J. Phillips, Judge, presiding. Opinion filed April 7, 1881.

Messrs. August & Keating and Messrs. Brown, Kirby & Russell, for plaintiffs in error; that an instruction for the plaintiff upon his duty to present a schedule, which ignored the statutory requirements, presented only a partial view of the case and was erroneous, cited C. B. &. Q. R. R. Co. v. Griffin, 68 Ill. 499; St. L. & S. E. R. R. Co. v. Britz, 72 Ill. 256; Calef v. Thomas, 81 Ill. 478; Hewitt v. Johnson, 72 Ill. 513; Evans v. George, 80 Ill. 51; Ogden v. Kirby, 79 Ill. 555.

Instructions should be based on evidence in the case: Andreas v. Ketcham, 77 Ill. 377; American v. Rimpert, 75 Ill. 228.

Mr. J. M. English, for defendant in error.

Baker, J. Herman Stahl and Conrad Whitmond each sued out writs of attachment before a justice of the peace, against Nobert Bohl, which were placed in the hands of John Cook, constable. The constable levied the writs on certain articles of personal property; and judgments were afterwards rendered in the attachment suits against Bohl, and the property sold.

Thereupon, Bohl, defendant in error, sued Stahl, and Cook the constable, plaintiffs in error, in trespass, and recovered against them a judgment for $140, damages. The recovery had, was upon the theory the property was exempt from execution or writ of attachment. Under the act of May 24, 1877,

Laws of 1877, page 101, it was the duty of Bohl, if he desired to avail himself of the benefit of the act, to make a schedule of all his personal property, of every kind or character subscribed and sworn to by him, and tender the same to the constable. He did not comply or offer to comply with the provisions of this statute.

It is true, when the officer was about taking the property Bohl went into the house and got a paper and shook it over his own head, and said the paper was from Hardin, the county seat, and that it would keep the officer from taking the property. This paper was not produced at the trial, nor were its contents shown ; it appears, however, it purported to be a list of property owned by Bohl, and had been made out by one Southworth, but had never been either subscribed or sworn to by Bohl. It was not delivered or tendered to the officer, nor was the officer informed what it purported to be; nor was any demand made upon him to swear Bohl to it.

Bohl had theretofore made a bill of sale of all his property, which had been recorded, and which, as he himself swore on the trial, "was put up false for a blind ;" and it is hardly to be presumed the constable had the remotest idea the paper flourished even purported to be a schedule, or that Bohl dreamed of claiming the benefit of any exemption law. Casper v. People, 6 Brad. 28. It is unnecessary to refer to the other questions involved in the case. The judgment of the circuit court is reversed; and as defendant in error, by his own showing, has no cause of action, the case will not be remanded.

Reversed.