## E. H. Chapin

### v.

### Edmond Hoel.

1.  Exemption—Schedule.—If a judgment debtor would avail himself of the law exempting personal property, he must make the schedule required by the statute.

2.  Sale by debtor of exempt property.—After an execution has become a lien upon personal property, a purchaser of such property from the debtor, though it may be exempt, can not hold the same as exempt, unless the debtor has made a schedule, as required by law.

APPEAL from the Circuit Court of Richland county; the Hon. WM. C. JONES, Judge, presiding. Opinion filed September 29, 1882.

Mr. JOHN H. PACKARD and Messrs. SHAW & FINCH, for appellant; that it is the duty of a debtor to make a schedule, cited Rev. Stat. Chap. 52, § 14; Cook v. Bohl, 8 Bradwell, 293; Menzie v. Kelly, 8 Bradwell, 259; Casper v. The People, 6 Bradwell, 28; Camp v. Ganly, 6 Bradwell, 499; Blair v. Parker, 4 Bradwell, 409; Stanton v. McMullen, 7 Bradwell, 331.

WALL, J. The appellant, Chapin, was a constable, and as such held an execution against one Wolverton. This execution came to the hands of the officer, and was so indorsed, on the 14th January, 1882, and thus became a lien on the personal property of Wolverton within the county. Two days afterward the appellee, Hoel, bargained with Wolverton for the chattels in controversy, and the next day completed the trade and received possession. On the 19th, appellant levied upon the property by virtue of his execution and the appellee replevied from him. The defendant in execution made no schedule, nor any attempt in that direction, as required under the present statute, Sec. 14, Ch. 52, as amended in 1877. As has been repeatedly held, this is necessary in order to avail of the exemption. The debtor must make a schedule of all his personal property of every kind and character, including money on hand, and debts due and owing to him. This must be sworn to and delivered to the officer, who is then to summon appraisers to value the articles, and the debtor may select property at this valuation to the amount exempt. Blair v. Parker, 4 Bradwell, 409; Casper v. People, 6 Bradwell, 28; Menzie v. Kelly, 8 Bradwell, 259; Cook v. Bohl, 8 Bradwell, 293.

This provision of the law is plain and imperative, and in the present case there was nothing to prevent the debtor from complying with it. The court permitted the plaintiff in replevin to prove the amount of personal property held by the execution debtor, and instructed the jury that, if he had no

Chapin v. Hoel.

more than four hundred dollars worth of such property at the time of sale, then he could make a valid transfer of the property notwithstanding the execution, and entertaining this view of the law, refused certain instructions asked by appellant, asserting the converse of this proposition.

The object of the statute is to require the debtor to disclose under oath all his personal assets, including money and debts due him, so that what he has in excess of the amount exempt may be appropriated to the payment of his debt, and the burden is thrown upon him to move in the matter and to make the necessary exhibit of his possessions, thus obviating a difficulty which existed under the former statute. This requirement is reasonable and practical, and a debtor who will not comply with it when he has the opportunity, is not entitled to the protection of the law. Cases might arise where, though the debtor acted in good faith and with proper diligence, a literal compliance would be impossible, and under such circumstances relief might be afforded by the courts; but there is no such case here. The defendant in execution, knowing that there was a judgment against him and that an execution was liable to issue, sold this property to plaintiff, and went away. Had he desired to assert his exemption he might easily have done so, and as he was bound to know the law— and as he was not prevented from complying with it, and voluntarily neglected to do so—it must be presumed that he had more property, including money and debts due him, than the law would exempt. The purchaser occupied no better position than the debtor. Indeed, he had actual notice of the lien, or at least of such facts as would put him upon inquiry, and though he also is presumed to know the law, yet he acted in disregard of it, and must take the consequences. If parties could pursue the course adopted in this instance, then there would be an easy and convenient way to evade the statute which requires the debtor to disclose under oath all his personal assets before availing himself of the exemption.

The judgment is reversed and the cause remanded.

Reversed and remanded.