## THOMAS H. JOHNSTON
### V.
## ANTHONY G. WILLEY.

*Exemptions—¶ 14, Ch. 52, Starr & C. Ill. Stat. (Act of 1877)—Schedule —Refusal to Make—Subsequent Compliance—Reasonable Time—Question for Jury.*

1. The positive refusal by the owner of personal property to make a schedule at the time of the levy under execution, upon due notice and opportunity given, does not of itself prevent or estop him from making such schedule within a reasonable time thereafter.

2. What is a reasonable time for making and delivering the schedule depends upon the special circumstances of each case, and is a question for the jury. In some cases it should be before levy. In others it will be in time if before sale.

3. In the case presented no question of fraud arises. The owner's refusal was in ignorance of his duty and without intention to waive his claim. He made and delivered the schedule within a few hours, and as soon as he could get legal advice. Whether the time was reasonable was a question for the jury.

[Opinion filed December 1, 1886.]

APPEAL from the Circuit Court of Christian County.

Messrs. PROVINE & McBRIDE, for appellant.

Mr. FRANK DRENNEN, for appellee.

PLEASANTS, P. J. Appellee got judgment in replevin for a

span of mules, against appellant who, as a Constable, had taken them under writs of execution against him.

He was a married man, residing with his family. The Sheriff, holding another execution, had set off to him $400 worth of his effects, including these mules, under the provisions of Sec. 2 of the Act approved May 24, 1877. Appellant came in when the Sheriff was taking a list of the property, and after it was completed informed appellee of the writs in his hands and asked what he could do for him, to which appellee replied that he could do nothing, as the Sheriff had levied on all his property. Two days afterward appellant again saw him and insisted that he should turn out property or make a schedule. Appellee said he didn't know that he needed to make a schedule as he had got his set-off, and that was all he wanted. Appellant insisted that he also must have a schedule or he would make a levy. Appellee told him to go ahead and he would replevy; and thereupon appellant immediately took the mules.

In the evening of the same day, after consulting a lawyer appellee made out a schedule and gave it to a friend, who, by his direction, presented it to appellant and demanded the property. Appellant declined to give it up, saying that appellee " had refused to schedule and it was now too late."

We hold that as matter of law it was not necessarily too late, even after a positive refusal, upon due notice and opportunity given, and levy thereupon made.

The statute provides that " whenever "—that is at any time when, no less than in any case in which—a debtor, against whom an execution has issued, may desire to avail himself of its benefits, he may do it by delivering to the officer a proper schedule. Ordinarily this should and would be done before levy, but the only limitation by the statute of the time for its effectual delivery is that which is necessarily implied, viz., that it must be before the writ is executed and the officer's control of the property lost by sale thereunder, and what is generally implied where time is given without a more specific limitation, viz., that it must be within a reasonable time. What is a reasonable time will depend upon the special circumstances, and is a question of fact for the jury. In some cases it should be before levy; in others it will be in time if before sale.

Wright v. Deyoe, 86 Ill. 490, and the other cases cited, in which it was held that the debtor must make his claim and selection—if he has reasonable notice and opportunity—before the levy, arose under the former statute, and are believed to be inapplicable to the one now in force. Nor do we find in this act, or other law, or in reason, any warrant for the idea that his right is necessarily and absolutely forfeited by a mere declaration that he will not make a schedule. So long as he refuses or neglects, after due notice and opportunity given, to make it, the officer may lawfully proceed in the execution of his writ; but his proceedings may, under some circumstances, be arrested by the delivery of a proper schedule, at any time before it is completed. It is the actual delivery or non-delivery of the schedule before such time and within a reasonab'e time that determines his right, and not the promise that he will, or the declaration that he will not deliver it. In either case he may, under some circumstances, be justified in changing his mind.

Upon this question Blair v. Parker, 4 Ill. App. 409, and Chapin v. Hoel, 11 Ill. App. 309, are cited for appellant. Neither is in point. The first was an action for the penalty prescribed for selling exempt property. The debtor had delivered his schedule, with due effect. But there was certain "property owned by him and not included in" it. The statute expressly and affirmatively declares that such property "shall not be exempt." The debtor sought to exempt it, three or four days after it was levied on by a second schedule, and the court held that such a proceeding was not provided for nor allowed by the statute. In the other the plaintiff had bought the property from the execution debtor after the lien attached and when no schedule had been made to exempt it, and the court held that the debtor could not protect property by a schedule made after he had sold it. We know of no authority or reason for holding absolutely that he could not do it after and because of a mere declaration that he would not, even though it were followed by a levy made in consequence of it.

Such a declaration would not operate as an estoppel be-

cause the levy would be as lawful without as with it, and in no case would it be a ground of authority to sell.   The writ alone is the officer's warrant.   If, then, a levy which is lawful without the debtor's consent to it would not bar him, it is not perceived how his assent added would necessarily give it that power.

In this case no question of fraud is involved.   Appellee's refusal at first was in ignorance of his duty, and in such manner as to rebut any inference that he intended to violate it or waive his claim, and he made it in due form, within only a few hours of his refusal, and as soon as he could get reliable advice in relation to the law.   Whether this was or was not, under the circumstances, within a reasonable time, was a question of fact.   We think the finding was right, and the judgment will be affirmed.

*Judgment affirmed.*