## Cesare Lenzi, Appellee, v. Michael Zimmer, Sheriff, Appellant.

### Gen. No. 23,257.

EXECUTION, § 74*—*when levy by officer not untimely.* Under the personal property Exemption Act, sec. 2 (J. & A. ¶ 5584), providing that whenever "any debtor against whom an execution, writ of attachment or distress warrant has been issued, desires to avail himself of the benefit of this act he shall, within ten days after 'a copy' of the execution, attachment or distress warrant is served upon him * * * make a schedule of all his personal property of every kind and character, * * * and shall deliver the same to the officer * * *, and any property owned by the debtor

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and not included in said schedule shall not be exempt," etc., an officer who, before the expiration of the 10-day period from service of the copy of an execution on the judgment debtor and prior to the execution and delivery of a schedule by the debtor, levies upon the property thereafter rightfully claimed as exempt is not liable under section 5 (J. & A. ¶ 5587), for double the value of the property taken, especially where the property is released from the levy prior to execution and delivery of the schedule.

Appeal from the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in the Branch Appellate Court at the March. term, 1917. Reversed with finding of fact. Opinion filed April 16, 1918.

WINSTON, PAYNE, STRAWN & SHAW, for appellant; RUPERT D. DONOVAN and LESLIE M. O'CONNOR, of counsel.

J. AMBROSE GEARON and EUGENE D. SULLIVAN, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Appellee, plaintiff, sued under section 5 of the personal property Exemption Act (Hurd's Rev. St. p. 1317, J. & A. ¶ 5587) to recover double the value of property claimed to have been illegally taken or seized by the defendant who was sheriff of Cook county.

There is practically no controversy as to the facts. An execution from the Superior Court was issued and on September 4, 1914, was placed in the hands of the sheriff.

On September 5th the sheriff served the execution upon the plaintiff by delivering to him a copy thereof with an indorsement thereon, notifying him to file a schedule of his property within 10 days if he desired to claim exemptions.

On the same day, and it seems immediately after delivering notice, the sheriff levied upon a miscellane-

ous lot of wines and liquors belonging to plaintiff of the value of about $100, and put a sign "Closed by the Sheriff" on the door of his place of business. Four hours later on the same day, plaintiff paid the sheriff the full amount of the judgment and costs, amounting to $77.51, and the levy was thereupon released.

On September 11th thereafter, the plaintiff filed with the sheriff a schedule of his property listing therein the property levied on and some household goods which had not been levied on, together with $80 in cash. In the schedule affiant set up that he was the head of a family and claimed this property (except the $80 in cash) as exempt.

The court found the defendant guilty and entered judgment upon the finding in the sum of $200, thus in effect holding that an officer who before the expiration of 10 days from service of the copy of the execution on the judgment debtor and prior to the execution and delivery of a schedule by the debtor levies upon property thereafter rightfully claimed as exempt, is liable under section 5, although the property has been released from the levy prior to the execution and delivery of the schedule.

The determination of the question involved requires a construction of section 2 of the same Act (J. & A. ¶ 5584). It provides:

"Whenever any debtor against whom an execution, writ of attachment or distress warrant has been issued, desires to avail himself of the benefit of this act he shall, within ten days after 'a copy' of the execution, attachment or distress warrant is served upon him * * * make a schedule of all his personal property of every kind and character, * * * and shall deliver the same to the officer * * *, and *any property owned by the debtor and not included in said schedule shall not be exempt as aforesaid,* * * * the debtor shall then select from such schedule the articles he or she may desire to retain, the aggregate value of which shall not exceed the amount exempted, to

which he or she may be entitled, and deliver the remainder to the officer having the writ. * * *''
This section was originally inserted in the Exemption Statute by the Act of May 24, 1877.

Prior thereto the law on this subject was expressed in the Act of March 4, 1843, which exempted specific articles and where the debtor was the head of a family, $60 worth of other property to be selected by him. The exemption provided for by that statute was absolute and not conditional.

The statute was construed in *Cook v. Scott*, 6 Ill. 333. It was held to be the duty of the officer having the writ to give the debtor reasonable notice and opportunity to make his selection *where that was practicable*. It then became the duty of the judgment debtor to make such selection in a reasonable time, which, if he did not do, all his property except that specifically described by the statute was subject to levy. If the sheriff would levy without notice, then the debtor could, nevertheless, make his selection, but if he had other property sufficient to satisfy the execution, he must offer to surrender it to the officer and, if he failed so to do, the officer might sell the property levied on, although claimed exempt by the debtor, unless the total value of the property claimed and retained did not exceed $60, in which case it was all exempt. But if the judgment debtor had transferred all his property except that claimed as exempt in fraud of his creditors, his right to exemption was thereby defeated.

By the Act of May 24, 1877, the amount of property which might be selected by the debtor, head of a family, was increased to $400. At the same time section 2, requiring the debtor to make a schedule and present the same to the officer having the writ, was enacted.

The construction placed upon that section by the courts was that, so far as the property to be selected

by the debtor was concerned, the same was not exempt until the schedule was presented and that the right to the exemption was lost by a failure to present it. *Amend v. Smith*, 87 Ill. 198; *Figueira v. Pyatt*, 88 Ill. 402; *Cook v. Bohl*, 8 Ill. App. 293; *Chapin v. Hoel*, 11 Ill. App. 309; *Biggs v. McKenzie*, 16 Ill. App. 286.

But the statute did not designate a time within which the debtor should make and file his schedule. This led to much litigation.

In *Johnston v. Willey*, 21 Ill. App. 354, decided in December, 1886, the court held: "That it must be within a reasonable time. What is a reasonable time will depend upon the special circumstances, and is a question of fact for the jury. In some cases it should be before levy; in others it will be in time if before sale."

Evidently, to provide a definite and uniform rule, the Legislature by Act approved June 10, 1887, amended section 2, inserting therein the provision on which appellee relies, to the effect that: "He or she shall, within ten days after notice of the execution, attachment or distress warrant, make a schedule of all of his or her personal property," etc.

Prior to that time it had in some cases been held that under certain circumstances it was the duty of the sheriff to levy an execution immediately. *People v. Palmer*, 46 Ill. 398; *Lindley v. Miller*, 67 Ill. 244; *Wright v. Deyoe*, 86 Ill. 490. In no case had it been held that he was liable for so doing.

Can it be said that it was the intention of the Legislature by this amendment to change the time within which the levy should be made? We do not think so. Such a limitation would be wholly inconsistent with the construction which the courts had uniformly put upon this section of the statute. If the Legislature intended to make such a limitation it seems to us it would have used words clearly expressing such intention and leaving no room for doubt.

It is, we think, significant that the time within which the amendment provided the debtor's schedule should be filed was 10 days, the exact time required for notice by the officer before making sale of goods and chattels under execution. Hurd's Rev. St. ch. 77, sec. 48 (J. & A. ¶ 6795). We are also constrained to take this view because the statute, in its preamble and throughout, refers to "attachment, sale on execution and distress for rent," and the construction which appellee contends for is inconsistent with the practice and statutes with reference to these remedies. Chapter 11, sec. 8 of the Revised Statutes (J. & A. ¶ 499), relating to attachments, expressly provides, "such officer shall without delay execute such writ  *  *  *." By immemorial usage distress warrants are to be speedily executed.

The construction which appellee contends for would in many cases virtually destroy the rights which these statutes are intended to protect. Nor would the fact that an execution is a lien from the time that it reaches the hands of the sheriff in all cases afford protection to the creditor as appellee contends, since the lien might easily be defeated by the secretion of the property, or its removal from the jurisdiction which, unless he could levy, a sheriff would be powerless to prevent.

We do not believe the Legislature intended by this amendment to produce these results. While a majority of the Appellate Court for the Third District have expressed different views, we are constrained to adopt those herein expressed, not alone because they seem reasonable, but also because in other States having similar statutes the highest courts thereof have given to them a similar construction. *Mann v. Welton,* 21 Neb. 541, 32 N. W. 599; *Settles v. Bond,* 49 Ark. 114, 4 S. W. 286; *Frost v. Shaw,* 3 Ohio St. 270; *Sullivan v. Farley,* 11 Daly (N. Y.) 157; *Scanlan v. Guiling,* 63 Ark. 540, 39 S. W. 713; *Hammersmith v. Avery* (Neb.),

2 Pac. 55; *Parsons v. Evans,* 44 Okla. 751, 145 Pac. 1122; *Wilcox v. Howe,* 59 Hun 268, 12 N. Y. Supp. 783.

Our holding here must be understood as having application only to the property which the statute says is "to be selected by the debtor" and not to the specific articles of property which are named as exempt in the first clause of section 1 of the statute (J. & A. ¶ 5583). Nor does it refer to such articles of property as the debtor might possess which are exempted by common law.

For the reasons indicated the judgment of the Municipal Court will be reversed with a finding of fact.

*Reversed with finding of fact.*

Finding of fact. The court finds as a matter of fact that the property owned by the plaintiff, upon which the execution in the hands of the defendant was levied, was not exempt from execution at the time of the levy, nor while held by the sheriff thereunder.